Vincent R. Impellitteri, Acting J.
The defendant Ralph Bonagura demurs to an indictment charging him with the crimes of grand larceny in the second degree (two counts), and possession of dangerous weapon as a misdemeanor. Said defendant demurs to the indictment on the first, second, fourth and fifth grounds referred to in section 323 of the Code of Criminal Procedure. There is no substance to the first ground, “ That the grand jury, by which it was found, had no legal authority to inquire into the crime charged ’ ’. Section 323 of the code provides that the defendant may demur to the indictment,
‘ ‘ when it appears on the face thereof ’ ’. The demurrer serves only to raise objections which appear upon the face of the indictment. (People v. Gutterson, 244 N. Y. 243, 247.) Although a Grand Jury was selected under an invalid statute the defendant’s constitutional rights were not violated. (People v. Petrea, 92 N. Y. 128.) Even if the court could consider the matter alleged by this defendant with respect to the first ground of his demurrer, which does not appear on the face of the indictment, said ground must nevertheless he disallowed. Said defendant claims that the Grand Jury had no legal authority to act because section 609 of the Judiciary Law is unconstitutional and in violation of section 17 of article III of the New York State Constitution. Said section 609 of the Judiciary Law was added by chapter 305 of the Laws of 1954, which amendments were recommended by the Judicial Council. Section 21 of article III of the Constitution excepts from section 17 of article III “ any bill * * * which shall be recommended to the legislature by commissioners or any public agency *1055 appointed or directed pursuant to law to prepare revisions, consolidations or compilations of statutes.” The Judicial Council was a body created by the Legislature with power “ To recommend from time to time to the legislature any changes in the organization, jurisdiction, operation, procedure and methods of conducting the business in the courts which can be put into effect only by legislative action”. (Judiciary Law, § 45, subd. [e].) (The Judicial Council was succeeded by the Judicial Conference of the State of New York, L. 1955, ch. 869.) It is clear from an examination of the indictment that sections 275 and 276 of the code have been complied with, that the acts alleged in the indictment constitute crimes, and that said indictment contains no matter constituting a legal justification or excuse for the acts charged or other legal bar to the prosecution. There is therefore no substance to the other three grounds raised in said defendant’s demurrer.
There being no defect on the face of the indictment, the demurrer of the defendant Ralph Bonagura is disallowed in all respects. Said defendant Ralph Bonagura will appear for pleading at Part IV of this court, on the 22d day of March, 1957, at 10 o’clock in the forenoon of said day, or as soon thereafter as the matter may be heard.