Hyman Babshay, J.
Defendant was indicted for grand larceny in the first degree. The first count charges him with common-law larceny and the second count alleges larceny by false pretenses. Both counts arise out of the same transaction.
The indictment follows:
FIRST COUNT: The Grand Jury of the County of Kings, by this count in this indictment, accuse the defendant of the crime of grand larceny in the first degree, committed as follows: The defendant, on or about and between the 26th day of February, 1956, and the 27th day of August, 1956, in the County of Kings, with intent to defraud ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ, of the use and benefit of property, to wit, money of the United States in the sum of $2,550 and to appropriate said money to the use of the defendant, wrongfully stole, took and obtained the said sum of money from the possession of the said ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ, the true owners thereof, and wrongfully withheld said sum of money from the said ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ.
And so the Grand Jury, by this count in this indictment, do say that the defendant MAXWELL LEIBOWITZ, in the manner and form aforesaid, did knowingly, willfully and corruptly commit the crime of GRAND LARCENY IN THE FIRST DEGREE against the form of the statute in such case made and provided and against the peace and dignity of the People of the State of New York.
SECOND COUNT — THE GRAND JURY OF THE COUNTY OF KINGS, by this count in this indictment, accuse the defendant of the crime of GRAND LARCENY IN THE FIRST DEGREE, committed as follows:
The defendant, on or about and between the 26th day of February, 1956, and the 27th day of August, 1956, in the County of Kings, with intent to deprive and defraud ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ of the use and benefit of property, to wit, money of the United States in the sum of $2,550, and to appropriate said money to the use of the defendant, wrongfully stole, took and obtained the said sum of money from the possession of the said ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ, the true owners thereof, and wrongfully withheld the said sum of money from said ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ.
In the course of accomplishing, and in aid of, and in facilitating the said theft, the said defendant made use, among others, of the following false and fraudulent representations and pretenses, to wit, the said defendant fraudulently represented to the said ROYAL INDEMNITY COMPANY and CHARLES LOROWITZ, that EMANUEL BALL, BEATRICE BALL, *555 RUTHELLTN BALL and CAROL BALL, whom the said defendant represented in claims arising out of an accident and for which said EMANUEL BALL, BEATRICE BALL, RUTHELLTN BALL and CAROL BALL sought damages as a result of personal injuries sustained by the said EMANUEL BALL, BEATRICE BALL, RUTHELLTN BALL and CAROL BALL, had medical expenditures in the sum of $406, and that EMANUEL BALL had lost five weeks employment and had lost the sum of $575.00 in wages as a result of personal injuries sustained by him. Said representations and pretenses were false and fraudulent, and the defendant then and there knew them to be false and fraudulent at the time they were made.
In truth and in fact, as the defendant well knew, the said EMANUEL BALL, BEATRICE BALL, RUTHELLTN BALL and CAROL BALL whom the defendant represented in claims for personal injuries as aforesaid, did not have medical claims in the sum of $406 as a result of injuries sustained by said EMANUEL BALL, BEATRICE BALL, RUTHELLTN BALL and CAROL BALL, and that the said EMANUEL BALL did not lose five weeks employment nor wages in the sum of $575 as a result of injuries sustained by him, and that the said defendant knew that there were no medical expenditures in said amount incurred by the said EMANUEL BALL, BEATRICE BALL, RUTHELLTN BALL and CAROL BALL, and that said defendant knew that there was no loss of earnings and loss of time by the said EMANUEL BALL.
And so the Grand Jury, by this count in this indictment, do say that the defendant MAXWELL LEIBOWITZ, in the manner and form aforesaid, did knowingly, willfully and corruptly commit the crime of GRAND LAR CENT IN THE FIRST DEGREE against the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of New Tork.
On arraignment, the defendant pleaded not guilty. Thereafter, he sought and obtained permission to withdraw his plea of not guilty and he filed a demurrer to the indictment on the following grounds:
(a) That the indictment does not conform substantially to the requirements of subdivision 2 of section 275 and section 276 of the Code of Criminal Procedure.
(b) That more than one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure.
(c) That the facts stated do not constitute the crime of grand larceny.
(d) That the indictment herein contains matter constituting a legal justification or excuse for the acts charged.
A demurrer serves only to raise objections which appear upon the face of the indictment (Code Crim. Pro., § 323; People v. Gutterson, 244 N. Y. 243).
An indictment meets the requirements of the law when it contains (1) the title of the action specifying the name of the court to which the indictment is presented and the names of the parties — (2) a plain and concise statement of the acts constituting the crime without unnecessary repetition (Code *556 Grim. Pro., § 275). The form of an indictment is provided for by section 276 of the Code of Criminal Procedure. Its purpose is to notify the defendant of the nature of the charge ag’ainst him to the end that he may properly prepare his defense and to identify the charge against him so that conviction or acquittal may prevent a subsequent charge for the same offense (People v. Williams, 243 N. Y. 162). If the indictment meets the aforesaid requirements, it will suffice.
Both counts in this indictment arose out of the identical transaction. The first count alleges (1) common-law larceny and the second (2) larceny by false pretenses. Such pleading is sanctioned by sections 278 and 279 of the Code of Criminal Procedure and under well-established decisions (People v. Gutterson, supra).
The defendant challenges the validity of the false pretense count of the indictment on the ground that it omits the allegation of “ reliance on the false pretense ” by the complainants. There is only one crime of larceny in this State. (Code Crim. Pro., § 1290; People v. Lobel, 298 N. Y. 243.) If an indictment or a count thereof charges larceny by false pretenses, the form of pleading must meet the requirement of section 1290-a of the Penal Law which provides as follows: ‘ ‘ 1290-a. Pleading and Proof. In any prosecution for larceny it shall be sufficient if: 1. The indictment or information charges -that the accused, with the intent to deprive or defraud another of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of some person other than the true owner, stole any property of any of the kinds mentioned in section twelve hundred ninety of this article. If, however, the defendant made use of any false or fraudulent representation or pretence [sic.] in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representation or pretense, and it shall be immaterial whether the theft may have been previously denominated common law larceny by asportation, common law larceny by trick and device, obtaining property by false pretenses or embezzlement. As long as one of the false or fraudulent representations or pretenses alleged be proven, any other related representation or pretense, though not alleged, may be given in evidence.”
The defendant confuses the form of the pleading with the requirement of the proof. Reliance must be proven, but need not be pleaded. (People v. Sattlekau, 120 App. Div. 42; People v. Eaton, 122 App. Div. 706.) In People v. Sattlekau (p. 47) the court said: “ The appellant urges that the indictment is *557 defective because it does not contain an allegation to the effect that the complainant relied upon the representations alleged in the indictment to have been made by the defendant to her, and that such an allegation is absolutely essential to the validity of an indictment for grand larceny by false pretenses, and cites in support thereof People v. Baker (96 N. Y. 340). That case did not deal with the question of the necessary allegations in an indictment at all. What was considered was the proof necessary to establish the crime. Said Judge Eabl: ‘ In order to constitute the crime of obtaining property by false pretenses it is not sufficient to prove the false pretenses and that property was obtained thereby, but it must be proved that the false pretenses were made with intent to cheat and defraud another. ’ Here that intent to cheat and defraud was abundantly proven. Again, i Another essential element of the crime which the People, in all cases of this kind, are bound to establish, is that the money was paid or the property parted with in reliance upon and under the inducement of the false pretenses alleged. ’ Here the People did establish that the money was paid in reliance upon the false pretenses alleged. The appellant further urges that the indictment is also defective in that it does not allege that complainant believed to be true the representations alleged to have been made or that they were the inducing cause of the complainant’s parting with her money, and cites People v. Rothstein (180 N. Y. 148). That case also deals not with the indictment but with the proof. It held that the false representation then under consideration was not the assertion of an existing intention but was a false representation as to an alleged existing fact, and that this false representation was fully within the principle of the cases cited. Here there was a false representation of an alleged existing fact.”
While it is my opinion that it would be better to plead “reliance”, the law does not demand it. The trial court, depending on the proof, will submit to the jury the question of the defendant’s guilt on only one of the two counts alleged in the indictment. (People v. Cohen, 148 App. Div. 205.)
For the aforesaid reasons, the demurrer is overruled. The defendant is directed to appear for pleading on a date to be agreed upon between counsel and District Attorney.
Submit order.