J. Irwin Shapiro, J.
Defendant has interposed a demurrer to the indictment charging him with the crimes of grand larceny and forgery. The ground for the claim of the invalidity of the indictment put forth in this demurrer is that the statute providing for the selection of grand jurors (Judiciary Law, § 609) is unconstitutional in that it is violative of section 17 of article III of the New York State Constitution prohibiting the enactment of local or private legislation dealing with the selecting, drawing, summoning or impaneling of grand or petit jurors. In essence, the contention is that since section 609 of the Judiciary Law provides for selection of grand jurors ‘ ‘ within the city of New York ”, this is private or local legislation in violation of the constitutional provision. It is undenied that if section 609 provided for the selection of grand jurors in cities with a population of one million or over, instead of specifying the City of New York by name, it would lie completely valid.
There are three threshold considerations which make it unnecessary to reach a basic consideration of the merits of the defendant’s contention.
(1) A demurrer is a statutory creation. Its use is therefore limited to the grounds set forth in the creating statute, which is section 323 of the Code of Criminal Procedure. That section provides that a demurrer to an indictment may be allowed only upon the following grounds:
‘ ‘ 1. That the grand jury, by which it was found, had no legal authority to inquire into the crime charged; or
“ 2. That the indictment does not conform substantially to the requirements of sections two hundred seventy-five and two hundred seventy-six; or
“ 3. That more than one crime is charged in the indictment within the meaning of sections two hundred seventy-eight or two hundred seventy-nine; or
*887 “ 4. That the facts stated do not constitute a crime; or
‘ ‘ 5. That the indictment contains matter, which, if true, would constitute a legal justification or excuse for the acts charged, or other legal bar to the prosecution.” But section 323 applies only when any of the foregoing grounds “ appears upon the face ’ ’ of the indictment.
If there is a defect in the composition of the Grand Jury which returned this indictment by reason of the alleged unconstitutionality of the statutes governing the selection of its members, it does not appear “ upon the face ” of the indictment.
A demurrer is therefore not the proper vehicle to raise the constitutional issue of the valid existence of the Grand Jury for it “ serves only to raise objections which appear upon the face of the indictment” (People v. Gutterson, 244 N. Y. 243, 247; People v. Leibowitz, 12 Misc 2d 553, 555).
(2) Section 231 of the Code of Criminal Procedure in explicit language provides that “ there is no challenge allowed to the panel or to the array of the grand jury”. That section also provides, that in certain situations, not here applicable, the court, in its discretion, may “ discharge the panel and order another to be summoned”. The demurrer here is in effect a challenge to the panel or to the array of the Grand Jury which returned the indictment. Section 231 of the Code of Criminal Procedure prohibits such a challenge. (People v. Rosen, 251 App. Div. 584, 587; People v. Hooghkerk, 96 N. Y. 149,158-159.)
(3) If section 609 of the Judiciary Law which provides for the selection of a Grand Jury “ within the city of New York ” is private or local legislation and therefore violative of section 17 of article III of the New York State Constitution, it does not follow that the indictments found by a Grand Jury convened and impaneled pursuant to that law are null and void. Such a Grand Jury in returning indictments was acting under the color of law and it was therefore a de facto Grand Jury. As such, its acts are valid and must be sustained.
This very question was presented in People v. Petrea (92 N. Y. 128), and although the law under which the Grand Jury in that case was convened was in fact held to be unconstitutional, the court nevertheless concluded that the indictment returned by that Grand Jury was legal and valid. A direct attack was there made against the indictment upon the identical grounds here urged, to wit, that the Grand Jury which returned the indictment was formed pursuant to an unconstitutional statute, because such statute was a private or local law.
In stating the facts and upholding the validity of the indictment, the court said (pp. 142-144):
*888 “ The next question which arises is whether the arraignment and trial of the defendant upon the indictment in question, was a violation of the constitutional guaranty that no person shall be held to answer for a capital, or otherwise infamous crime (except in certain cases mentioned, not material to the present inquiry), ‘ unless on presentment or indictment of a grand jury. ’ (Const., art 1, § 6.) It is insisted on the part of the defendant that the body of men which found the indictment in question, was not a grand jury, that the paper filed as an indictment was not an indictment, and that the defendant could not be held to answer thereto, or be put upon his trial thereon. In considering this question, it will be convenient in the first place, to recall the actual facts. The objection to the constitution of the grand jury which found the indictment, lies solely in the fact that they were drawn, under the provisions of a void statute, from the petit jury list, whereas they should have been drawn from a list of grand jurors, specially selected to serve as such by the supervisors of Albany county. In all other respects the proceedings were regular. The jurors were drawn by the proper officer, they were regularly summoned and retained by the sheriff, they were recognized, impaneled and sworn as grand jurors by the court, and as grand jurors they found the indictment; and moreover they were good and lawful men, duly qualified to sit as grand jurors.
# # #
“We are of opinion that no constitutional right of the defendant was invaded by holding him to answer to the indictment. The grand jury, although not selected in pursuance of a valid law, were selected under color of law and semblance of legal authority. The defendant, in fact, enjoyed all the protection which he would have had if the jurors had been selected and drawn pursuant to the general statutes. Nothing could well be more unsubstantial than the alleged right asserted by the defendant under the circumstances of the case. He was entitled to have an indictment found by a grand jury before being put upon his trial. An indictment was found by a body, drawn, summoned and sworn as a grand jury, before a competent court and composed of good and lawful men. This we think fulfilled the constitutional guaranty. The jury which found the indictment was a de facto jury selected and organized under the forms of law. The defect in its constitution, owing to the invalidity of the law of 1881, affected no substantial right of the defendant. We confine our decision upon this point to the *889 case presented by this record, and hold that an indictment found by a jury of good cmd lawful men selected and drawn as a grand jury under color of law, and recognised: by the court and sworn as a grand jury, is a good indictment by a grand jury within the sense of the Constitution, although the law under which the selection was made, is void ” (Emphasis supplied.)
In the Petrea case the attack upon the status of the Grand Jury was made, as here, after the indictment had been returned. That case was then followed by People v. Hooghkerh (96 N. Y. 149, supra) in which the same question was considered by the court except “ that in this case the objection was raised before indictment, and before the grand jury had been organized” (p. 158, emphasis supplied).
Said the court (pp. 158-159): “ The only question now open on this appeal, upon this branch of the case, is, whether, under the Code of Criminal Procedure, a defendant held to answer a criminal charge, may on the return of the grand jury list, and before indictment, take the objection which under the decision in the Petrea Case he would be precluded from taking after indictment. If the Code permits this discrimination, the objection must prevail, otherwise the case is governed by our former decision. By section 238 [now 231], a challenge to the panel or array of grand jurors is prohibited, but the section authorizes the court in its discretion to discharge the panel for causes specified, and among others ‘ that the requisite number of ballots was not drawn from the grand jury box of the county.’ Section 239 [now 232] authorizes a challenge to be interposed to an individual grand juror for certain specified causes. Taking the two sections together, it seems to be quite evident that section 238 was intended to confer upon the court a discretionary power to discharge the panel, to be exercised upon its own volition, and in view of all the circumstances, while section 239 was intended to secure to an accused person the right to purge the panel of one or more particular grand jurors who might be objectionable, for bias, or other specified cause. The power conferred by section 238 is in the general interest of public justice, that conferred by section 239 is in the particular and special interest of the person accused. The objection interposed to the panel in this case in behalf of the defendant was in the nature of a challenge to the array, and the right of a defendant to challenge the body of the grand jury because irregularly or defectively constituted, no longer exists, and we find po provision of law permitting a defendant to raise any objection to the grand jury, except an objection to individual *890 jurors under section 239. We think the objection of the defendant to the grand jury was properly overruled.” (See, also, People v. Lopes, 5 Misc 2d 1054.)
Since it is apparent that the indictment returned in this case is valid even if the law under which the Grand Jury was constituted is unconstitutional, it is not necessary to and this court therefore does not pass upon the constitutionality of section 609 of the Judiciary Law.
In refusing to reach the question of constitutionality and in holding that in any event a demurrer may not be properly utilized for that purpose, it should he noted that ‘ ‘ If the defect in the constitution of the tribunal, deprived it of the character of a grand jury in a constitutional sense, there can be no doubt that the court would have been hound to take notice of it, although no statute authorized it, or even if the statute assumed to preclude the raising of the objection ” (People v. Petrea, supra, p. 144).
The demurrer is therefore disallowed, and the defendant is directed to present himself to plead to the indictment at Part V of this court on June 7, 1961, at 10:00 o’clock in the forenoon.