In the Matter of RESCO EQUIPMENT & SUPPLY CORP., Appellant, v. CITY COUNCIL, CITY OF WATERTOWN, et al., Respondents.— Judgment insofar as appealed from unanimously reversed on the law and facts, with costs, and motion denied. Memorandum: In this proceeding brought pursuant to CPLR article 78, petitioner seeks to have annulled the award of a contract by respondent City of Watertown to J. C. Georg Corp. for the purchase of a truck. The petitioner, an unsuccessful bidder, alleges that the specifications prepared by the city were purposely drawn to match the features of the truck sold exclusively by the Georg Company, in violation of the provisions of subdivision 1 of section 103 of the General Municipal Law. Despite the existence of a factual issue created by the denial of this allegation by respondents, Special Term proceeded to determine the matter based on the affidavits and papers submitted, in which respondents sought dismissal of the proceeding. Understandably, the respondents have not claimed that the specifications come within the exception set forth in subdivision 5 of section 103 of the General Municipal Law and, indeed, the state of the record is such that this subdivision is not applicable. Therefore, the specifications under attack must be tested under the competitive bidding requirements of subdivision 1 of section 103 of the General Municipal Law which, insofar as here pertinent, provides that public contracts "shall be awarded * * * to the lowest responsible bidder * * * after advertisement for sealed bids". This statute is violated not only when a contract is awarded without advertisement for bids, but also when a municipality accomplishes the same result by so manipulating the specifications as to preclude true competitive bidding (*Gerzof* v. *Sweeney*, 16 N Y 2d 206, 209; *Matter of McNutt Co.* v. *Eckert*, 257 N. Y. 100, 104) and a contract awarded in violation of this rule is null and void. (Cf. *Matter of Warren Bros. Co.* v. *Craner*, 30 A D 2d 437; *Matter of Olean Std. Equip. Co.* v. *Cattaraugus County Bd. of Supervisors*, 30 A D 2d 758; *Matter of Southern Steel Co.* v. *County of Suffolk*, 51 Misc 2d 198, affd. 29 A D 2d 662.) Therefore, the issue created by the pleadings and supporting papers presented upon the return date, requires a trial thereof. " Disputed factual issues should not be resolved upon affidavits (see *Matter of Carucci* v. *Dulan*, 24 A D 2d 529). If a triable issue of fact is raised in an article 78 proceeding, it shall be tried forthwith (CPLR 7804, subd. [h])." (*Mulligan* v. *Lackey*, 33 A D 2d 991.) We conclude that it was error to dismiss the petition upon the papers before the court and the parties should be relegated to a trial of the issues forthwith. Under these circumstances the matter should be given preferred calendar scheduling. We have considered the other arguments advanced by respondents and find them unavailing. (Appeal from certain parts of a judgment of Jefferson Special Term dismissing article 78 proceeding to annul award of contract.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID BLAIR, Appellant, v. JOHN T. DEEGAN, as Warden of Auburn Prison, Respondent.— Judgment unanimously affirmed. "The pendency of relator's appeal from the judgment of conviction rendered dismissal of the writ proper. (*People ex rel. Keitt* v. *McMann*, 18 N Y 2d 257, 262 * * *)." *People ex rel. Garcia* v. *Warden*, 28 A D 2d 682.) (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.