ELEANOR E. YAX, Respondent, *v.* TOWN OF EVANS, Appellant.

Fourth Department, April 13, 1973.

*William J. Rose* (*Edward J. Desmond* of counsel), for appellant.

*Edward Heller* for respondent.

GOLDMAN, P. J.  This appeal involves the validity of Town Law No. 1 of the Town of Evans.  The trial court found the local law " in violation of the constitution and statute of local government ", granted the plaintiff's motion for summary judgment or judgment on the pleadings and ordered an inquest to determine the amount of plaintiff's damages.

In November, 1968 the Building Inspector of the Town of Evans determined that two residential buildings owned by the plaintiff-respondent were unfit, unsafe and a menace to public health, welfare and safety.  Pursuant to the provisions of " Local Law No. 1 of the Year of 1967 ", which became effective on March 15, 1967, he notified respondent on October 17, 1968 by certified mail, sent to the claimed last known address, that the structures should be repaired or removed or demolished.  About the same time as the sending of the notice the Building Inspector posted a similar notice on the structures.  The mailed notice " came back through the mail " and the Inspector " handed " a copy to respondent's husband when he came to the Inspector's office to discuss the matter with him.  At this meeting the Inspector told the husband that he had six months in which to make repairs.  On June 6, 1969 without further notice to or any contact with respondent the two buildings were demolished by a construction company hired by the town.

Respondent's brief asserts that respondent had made certain improvements to the premises after the service of the notice and had brought the buildings into compliance with the town law. The record is entirely barren of any proof of improvements made to the premises, but this issue is immaterial for the resolution of this appeal turns solely on the answer to the legal question — is the Town Law of Evans Local Law No. 1 valid?

The New York State Constitution (art. IX, § 2, subd. [c], subpar. [ii], cl. [10]) allows local governments to adopt laws pertaining to the protection, order, conduct, safety, health and well-being of persons or property therein " not inconsistent with the provisions of  *  *  * any general law ". The Municipal Home Rule Law (§ 10, subd. 1, par. [ii], subpar. a, cl. [11]) gives local governments the same power with the same caveat: " not inconsistent with the provisions of  *  *  * any general law ".

Subdivision 16 of section 130 of the Town Law provides that after a public hearing (the need for a public hearing apparently prevents the section from being self-executing [dicta *Matter of Jewett* v. *Luau-Nyack Corp.*, 31 N Y 2d 298]) the Town Board may enact legislation providing for the removal or repair of buildings. Subdivision 16 lays out specific provisions for such legislation (summarized below):

(a) Inspection and report by an official duly appointed by the town board.

(b) Specific notice requirements.

(c) Sufficient time for the person served to secure or remove the building.

(d) Survey of the property by an inspector and an architect. Notice that if the building is found unsafe, an application will be made at Special Term for an order that the building be repaired or removed.

(e) Posting a copy of the survey.

(f) Assessment of costs against the land.

There are several deficiencies in the local law which demonstrate that it does not meet the standards of subdivision 16 of section 130. The most apparent defects in the local law are:

1. *Notice.* The notice requirements of subdivision K-4 of Local Law No. 1 are defective since they do not require posting notice on the subject premises whenever notice is made by mailing.

2. *Inspector's Report.* The inspector is not required, in designating a building unfit, to make a report (Local Law No. 1, § L).

3. *Survey.* No survey is provided for by Local Law No. 1.

4. *Judicial Proceeding.* No motion is required at Special Term prior to the destruction of the buildings.

5. *Assessments of Cost.* Subdivision K-8 of Local Law No. 1 provides that assessments be made against the owner or occupant of the premises rather than against the land.

Standing alone, the failure of the town law to provide for the making of an application at Special Term for an order granting

permission to demolish the structures would be fatal to the town's position. It is clear that Local Law No. 1 is inconsistent with subdivision 16 of section 130 of the Town Law and therefore is invalid.

The order should be affirmed.

WITMER, MOULE, SIMONS and HENRY, JJ., concur.

Order unanimously affirmed with costs.