Robert S. Kreindler, J.
This is an application pro se for a writ of habeas corpus. Petitioner, in three separate indictments, consolidated for trial, was charged with the criminal possession (heroin and methadone) and sale (heroin) of narcotics, criminal possession of a hypodermic needle, and criminal possession of a defaced revolver.
On April 14, 1976 petitioner, after a jury trial before this court, was convicted of those charges. On May 24, 1976 the petitioner’s application for the relief sought herein was re *968 ceived by the clerk of this court.[1] On June 2, 1976 petitioner was sentenced, and this court is advised that the judgment of conviction entered on that day has been appealed by a notice of appeal filed on June 3, 1976. The appeal is still pending.
Petitioner frames his application on the ground that his detention is illegal in violation of his constitutional rights. Petitioner contends that the revised Penal Law (L 1965, chs 1030, 1031) was enacted pursuant to an unauthorized delegation of legislative authority to the State Commission on the Revision of the Penal Law and Criminal Code (Bartlett Commission). Petitioner further contends that by virtue of the alleged erroneous delegation of authority, those sections within articles 220 and 265 of the revised Penal Law, the violation of which precipitated the indictments and conviction, are void. That consequently, the court lácks the power and jurisdiction to further detain petitioner, and accordingly, petitioner avers that he is entitled to immediate release from incarceration.
The legislative power in this State is vested in the Senate and Assembly (New York State Constitution, art III, § 1). It is well settled that this power cannot be delegated (NY Const, art III, § 1; People v Morton, 48 AD2d 58). However, the State Constitution authorizes the creation of temporary commissions for special purposes. Section 3 of article V of the New York State Constitution provides: "Subject to limitations contained in this constitution, the legislature may * * * assign by law new powers and functions to * * * commissions * * * and increase, modify or diminish their powers and functions. Nothing contained in this article shall prevent the legislature from creating temporary commissions for special purposes”.
The Bartlett Commission was created on the recommendation of Governor Rockefeller in 1961. The creation of this temporary State commission to revise and simplify the Penal Law and the Code of Criminal Procedure was pursuant to an act of the people of the State of New York represented in the Senate and Assembly. The act became a law on April 6, 1961, with the approval of the Governor, and took effect on July 1, 1961 (L 1961, ch 346). The commission was empowered to prepare for submission to the Legislature, a revised body of *969 substantive law relating to crimes and offenses in the State, as well as revised rules relating to criminal procedure.
Four years later, the Bartlett Commission submitted to the Legislature the first major and comprehensive revision of the Penal Law since 1881. Thereupon the Senate and Assembly enacted into law, with the approval of the Governor, the revised Penal Law of 1965, to become effective September 1, 1967 (L 1965, chs 1030, 1031). The Court of Appeals has approved the validity of statutes proposed by commissions created for special purposes and properly enacted by the Legislature (see People v Ebelt, 180 NY 470; cf. People v Lopez, 5 Misc 2d 1054).
Needless to say, the preparation of a general revision of statute law, as was done in the instant case by the Bartlett Commission, was a monumental undertaking. Such a task cannot readily be done by the Legislature, absorbed as it is at each session with current legislative business. Accordingly, it has been the long continued custom in this State to delegate this work to special commissions.
Petitioner’s contention that this was an unconstitutional delegation of legislative authority to the Bartlett Commission is completely devoid of merit. The commission merely proposed legislation to the Legislature, it did not enact the new law. The enactment of the commission’s proposals was properly accomplished by the Legislature, three-fifths being present upon passage. Therefore, the Legislature did not delegate its legislative authority to the Bartlett Commission, and as a result, the revised Penal Law of 1965, as proposed by the commission and enacted by the Legislature, survives petitioner’s constitutional challenge.
As documentary proof negates petitioner’s contention of an unauthorized delegation of authority, petitioner’s application for a writ of habeas corpus can be denied on that ground without a hearing.
The function of the writ of habeas corpus is to provide a speedy and effective remedy for anyone complaining about the illegality of any detention. Its purpose is to relieve against actual restraint of a person’s liberty under process where such process is void by reason of a petitioner’s allegation of lack of power or want of jurisdiction in the court issuing such process.
However, habeas corpus should be reserved for cases dictated by practicality and necessity (People ex rel. Keitt v McMann, 18 NY2d 257). Habeas corpus is neither necessary *970 nor practical in any case where the issue raised in the application can be raised on appeal, a remedy afforded to petitioner as of right.
In view of the full review by appeal afforded petitioner, this court is of the opinion that there is at this time no reason to permit a review through a collateral attack by habeas corpus. The law is well settled in this State that habeas corpus is not available as a substitute for the normal process of appeal (People ex rel. Keitt v McMann, supra, p 262; see, also, People ex rel. Doyle v Atwell, 232 NY 96; People ex rel. Banks v La Vallee, 18 AD2d 738). The pendency of petitioner’s direct appeal from the judgment of conviction makes the granting of the petition in this proceeding improper (People ex rel. Garcia v Warden Sing Sing Prison, 28 AD2d 682, mot for lv to app den 20 NY2d 645; People ex rel. Blair v Deegan, 34 AD2d 1088).
Petitioner’s application is dismissed without a hearing.

. Although motion papers in this matter were received on May 24, 1976 by the clerk of this court, they did not reach my Part until June 14, 1976, 12 days after the defendant was sentenced.