■ JOHN W. SCHEID, as President of the VILLAGE OF CATSKILL, et al., Respondents, v EIGHT SIXTEEN MAIN STREET CORPORATION, Appellant, and SHERMAN FRUITS, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 12, 1976 in Greene County. The Village of Catskill brought a proceeding to declare a fire damaged building a nuisance and to order its proper repair or demolition and removal. Special Term, *inter alia,* rejected the appellant's contention that the Village Ordinance, Local Law No. 2 of 1969, was not validly enacted. Appellant upon this appeal again argues that it is invalid; however, the argument has no merit. The mere fact that the local law does not specify that the proceedings are to be brought in the Supreme Court or the fact that it did not provide for the same time limits as section 89 (subd 7-a, par d) of the former Village Law are not fatal. Since section 89 of the former Village Law was self-executing, the theory of the court in *Yax v Town of Evans* (41 AD2d 232) is inapplicable. As held in *Matter of Jewett v Luau-Nyack Corp.* (31 NY2d 298), the provision of subdivision 7-a of section 89 of the former Village Law was self-executing and, thus, the ordinance would have been invalid only as to the time limits if they varied and not as to its provisions in general. Subdivision 7-a of section 89 of the former Village Law has been repealed and section 4-412 of the present Village Law grants to the board of trustees the general power to protect "the safety, health, comfort and general welfare of its inhabitants". Since Local Law No. 2 of 1969 had not been shown to be invalid, and it is self-executing, the commencement of this special proceeding in Supreme Court by resolution is appropriate (see *Matter of Jewett v Luau-Nyack Corp., supra;* cf. *Yax v Town of Evans, supra).* The appellant contends on this appeal that it was not served with a proper notice pursuant to a local law. However, Special Term determined that pursuant to the provision of the Village Law the petitioners afforded appellant its constitutional due process rights. Considering the fact that the building in question could not be razed until declared a nuisance by order of a Justice of the Supreme Court, which order provided for appellant to submit plans to make the building safe and upon the failure thereof, the building should be demolished, the defenses raised by appellant in its answer are without merit. Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.