Hon. William A. Kelly County Attorney, Ulster County
This is in response to your letter requesting an opinion whether a county purchasing agent can legally convert a strict lease into what is termed a "Xerox State and Local Government Equipment Equity Plan (Installment Purchase Agreement)" without advertising for competitive bidding. The agreement allows Ulster County to relieve itself of liability thereunder by failure to pay one month's installment.
A county purchasing agent is an officer of the county (County Law, §408-a [1]), and must therefore enter into purchase contracts pursuant to General Municipal Law, § 103.
Section 103 (1) provides, in relevant part:
 "Except as otherwise expressly provided by an act of the legislature or by a local law adopted prior to September first, nineteen hundred fifty-three, all contracts for public work involving an expenditure of more than five thousand dollars and all purchase contracts involving an expenditure of more than three thousand dollars, shall be awarded by the appropriate officer, board or agency of a political subdivision or of any district therein * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section. * * * Such officer, board or agency may, in his or its discretion, reject all bids and readvertise for new bids in the manner provided by this section."
Although there is no indication of any intentionally improper conduct in this instance, we are mindful that one of the purposes of the competitive bidding statute is to invite competition and to eliminate the opportunity for fraud, favoritism, extravagance, and corruption, and to secure the best work or supplies at the lowest possible price (10 McQuillin, Municipal Corporations, § 29.29; Jered Contr. Corp. v N.Y.C. Tr.Auth., 22 N.Y.2d 187, 193 [1968]). A contract executed in violation of the statutory provisions is null and void (Gerzof v Sweeney, 16 N.Y.2d 206
[1965]; Mtr of Resco Equip. Supply Corp. v City Council, City ofWatertown, 34 A.D.2d 1088 [4th Dept, 1970]).
Where a purchase contract for equipment exceeds three thousand dollars, section 103 of the General Municipal Law governs (Mtr ofSignacon Controls, Inc. v Mulroy, 32 N.Y.2d 410 [1973]; 1966 Atty Gen [Inf Opns] 48; 1972 Atty Gen [Inf Opns] 169; 1976 Atty Gen [Inf Opns] 240).
We parenthetically note that the agreement entered into between Multi-State Leasing Corp. and the Central New York State Park and Recreation Commission, mentioned in your letter as having the approval of the Attorney General, has no bearing upon the agreement in question because such commission is part of the State, and consequently the General Municipal Law is inapplicable.
For the foregoing reasons, it is our opinion that Ulster County may not enter into a purchase contract for copying equipment in excess of the statutory amount of three thousand dollars without competitive bidding.