OPINION OF THE COURT
B. Thomas Pantano, J.
In this proceeding pursuant to CPLR article 78, petitioner, Marvec-All State, Inc., seeks to compel the respondents to award petitioner the contract for the Nassau County Sewer District designated No. 1002-3-B-4 and enjoining respondents from seeking further bids for the project.
On February 23, 1981, the Nassau County Board of Supervisors unanimously passed Resolution No. 130-1981: “APPROVING THE PLANS AND SPECIFICATIONS PREPARED BY THE COMMISSIONER OF PUBLIC WORKS OF THE COUNTY OF NASSAU FOR THE CONSTRUCTION OF LATERAL SEWERS SEWAGE COLLECTION DISTRICT NO. 3-B VICINITY OF BETHPAGE AND PLAINVIEW TOWN OF OYSTER BAY, NEW YORK, AND AUTHORIZING AND DIRECTING THE CLERK OF THE BOARD OF SUPERVISORS TO ADVERTISE IN THE OFFICIAL NEWSPAPERS OF THE COUNTY FOR SEALED BIDS FOR SUCH IMPROVEMENT AND IN THE EVENT SUCH BIDS ARE REJECTED, OR NO BIDS ARE RECEIVED, TO RE- *68 advertise.” This is in accord with subdivision 2 of section 103 of the General Municipal Law and section 2206 of the County Law of Nassau County.
Section 2211 of the County Law of Nassau County provides the manner of designation of the official newspaper. Pursuant to section 2211, there is one official newspaper for the County of Nassau: Newsday. Through inadvertence, no advertisement inviting bids on project No. 1002-B-3-4 appeared in Newsday. Advertisements did appear in two trade journals, one of which has a national circulation. Eleven bids were received and opened on June 9,1981. On June 29, 1981 all bids were rejected upon a realization by the county that there had been a failure to comply with the notice requirements.
Although petitioner is correct that as low bidder it would have been awarded the contract (County Law of Nassau County, § 2206), it is incorrect in its belief that it would be so entitled to the award despite a failure by the contracting municipality to comply with the notice requirements of the county and in spite of compliance with the Federal regulations regarding notice. Indeed, section 2206 states that: “the contract shall be let to the lowest responsible bidder by sealed bids or proposals made in compliance with public notice published at least once in the official newspapers at least five days prior to the day on which sealed proposals are to be opened.” (Emphasis added.) Compliance with Federal notice provisions is not as petitioner contends in lieu of county and State notice requirements, but in addition to those requirements. The fact that Federal funds may be being applied to the sewer project is irrelevant (Matter of North Country Dev. Corp. v Massena Housing Auth., 65 Misc 2d 105) absent special circumstances. (Matter of Marino v Town of Ramapo, 68 Misc 2d 44.)
Petitioner’s arguments in favor of pre-emption by the Federal Government regulations are incorrect.
“The pre-emption doctrine requires State laws to defer to Federal legislation where either of three elements exist: (1) the scheme of Federal legislation is so complete and pervasive that no room is left for the State to supplement it; (2) the Federal interest is so dominant that State laws on the *69 same subject must yield; or (3) the enforcement of the State statute presents a substantial conflict with the administration of the Federal program (Pennsylvania v. Nelson, 350 U. S. 497; Hines v. Davidowitz, 312 U. S. 52; People v. Broady, 5 NY2d 500, cert. den. 361 U. S. 8; see 16 Am. Jur. 2d, Constitutional Law, §§ 199-210; 9 N. Y. Jur., Constitutional Law, §§99-107). ***
“Conflicts between State and Federal legislation should not be sought out where none clearly exist (Seagram & Sons v. Hostetter, 384 U. S. 35, 45, rehearing den. 384 U. S. 967); but where a conflict does exist due to a clear collision between State and Federal law, Federal law prevails and the incompatible State legislation must yield (Swift & Co. v. Wickham, 382 U. S. 111; Hamm v. Rock Hill, 379 U. S. 306; Sperry v. Florida, 373 U. S. 379; Free v. Bland, 369 U. S. 663). In areas of concurrent regulation, the local regulation is permissible only to the extent that there is no impairment of the national interest in the matter (Matter of Presnell v. Leslie, 3 NY2d 384; Matter of Braier, 305 N. Y. 148, cert. den. sub nom. Kalmane v. Green, 346 U. S. 802; United States v. Mayo, 47 F. Supp. 552 [D.C., Fla.], affd. 319 U. S. 441). Where, as here, compliance with both regulatory schemes would impair efforts to carry out the Federal interest, the State statutes are superseded to the extent that both regulatory schemes are inconsistent (Quaker Oats Co. v. City of New York, 295 N. Y. 527, 534, affd. sub nom. Hill Packing Co. v City of New York, 331 U. S. 787; Public Serv. Comm. v. New York Cent. R.R. Co., 193 App Div. 615, affd. 230 N.Y. 149; United States v. Mayo, supra; see 16 Am. Jur. 2d, Constitutional Law, § 207, and cases cited).” (Matter of Marino v Town of Ramapo, 68 Misc 2d 44, 57, 60, supra.)
There is no incompatibility of the notice regulations of the county and as they are compatible rather than conflicting, no issue of pre-emption exists.
With regard to petitioner’s claim that the failure to properly advertise is a mere irregularity, the court examines the statute in question and finds its purpose to be the protection of the public rather than the competing bidders. (Albion Ind. Center v Town of Albion, 62 AD2d 478, mot for lv to app den 45 NY2d 710; Depot Constr. Corp. v City of *70 New York, 46 NY2d 859; Matter of Signacon Controls v Mulroy, 32 NY2d 410.) The statute is to be strictly construed and contracts awarded absent strict compliance are void. (Gerzof v Sweeney, 16 NY2d 206, on remand 52 Misc 2d 505; Matter of Resco Equip. & Supply Corp. v City Council, City of Watertown, 34 AD2d 1088.) Indeed, had the county improperly awarded the contract to petitioner, any claim for payment would be to no avail.
“The provisions of the statutes and ordinances of this State requiring competitive bidding in the letting of public contracts evince a strong public policy of fostering honest competition in order to obtain the best work or supplies at the lowest possible price. In addition, the obvious purpose of such statutes is to guard against favoritism, improvidence, extravagance, fraud and corruption. They ‘are enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders, and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest’ (10 McQuillin, op. cit., §29.29, p. 322; emphasis added). To this end, in a long line of cases starting with Brady v. Mayor of City of N.Y. (20 N. Y. 312) and ending most recently with Albany Supply & Equip. Co. v. City of Cohoes (18 NY2d 968), we have consistently held, primarily on public policy grounds, that, where the city fathers have deviated from the statutory mode for the expenditure of funds and letting of contracts, the party with whom the contract was made could not recover in quantum meruit or quantum valebat.” (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 192-193.)
The petition is dismissed.