OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The reclassification plan must be said to have become fully operative when, on May 11,1979, the directive implementing the earlier personnel resolution was officially promulgated. The plan made clear, among other things, that, as of this date, the new title of warden had come into existence, the title of supervising warden was eliminated from the competitive class, advancement opportunities were significantly altered and no new promotional examinations would be ordered for the four consolidated positions. In light of the “final and binding” status of this plan and its ready ascertainability, the plaintiffs must be deemed aggrieved as of that time
 
 (Matter of Martin v Ronan,
 
 44 NY2d 374, 381;
 
 Matter of Griffin v County of Westchester,
 
 36 AD2d 831, affd 29 NY2d 944). Indeed, other employees who were similarly affected already had sought action in the courts
 
 (Matter of Basoa v New York City Dept. of Correction,
 
 Index No. 7396/79 [Supreme Ct, New York County], app dsmd App Div, 1st Dept., May 12, 1981).
 

 However, as to the charge that the subsequent reclassification examination violates constitutional merit and fitness standards (NY Const, art V, § 6), cause for complaint could not have arisen before January, 1980 when, upon administration of the examination, its nature and implementation were revealed. Neither the resolution nor the promulgated plan had given notice of the conditions which would prevail when that test was given in January, 1980, particularly with respect to what, as the plaintiffs now allege, turned out to be a noncompetitive, nonobjectively graded oral test. Surely, by March 25, 1980, when the list which emanated from the examination was finally estab
 
 *682
 
 lished and certified, and those who sat for the examination were notified of its results, this had become a distinct “final and binding” source of aggrievement.
 

 These events in mind, it follows that, as measured from the dates on which the two separate aggrievements had matured, some 20 months and 9 months, respectively, were to elapse before the action before us, one for declaratory judgment, was commenced in November, 1980.
 

 It is established that, when a suit for declaratory judgment is brought against governmental regulatory officials to settle a dispute over the resolution of which an article 78 proceeding would be appropriate, the four-month period of limitations which governs such a proceeding (CPLR 217) fixes the time within which a declaratory judgment action must be commenced
 
 (Solnick v Whalen,
 
 49 NY2d 224).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.