*581 OPINION OF THE COURT
Edward H. Lehner, J.
The complaints in these actions commenced by the Borough President of Staten Island (Richmond County) and the Councilwoman from the borough seek: (i) a judgment declaring invalid the decisions of the board of the defendant Triborough Bridge and Tunnel Authority (TBTA) to raise the tolls on the Verrazano Narrows Bridge, and (ii) an injunction against collection of the increased tolls.
On the motions before the court to change the venue of these actions from Richmond County to this court, TBTA argues that New York is the proper county because its principal office is located here and it is where the vote to increase the tolls was taken, while plaintiffs maintain that venue is proper in Richmond because that is the location of the facility involved, i.e., where the tolls are collected.
CPLR 505 (a) provides that the "place of trial of an action by or against a public authority * * * shall be in the county in which the authority has its principal office or where it has facilities involved in the action”.
Although no case has been found which discusses the meaning of the phrase "facilities involved in the action”, in Purcell v Metropolitan Transp. Auth. (127 AD2d 827 [2d Dept 1987]), where it was asserted that the M.T.A. improperly charged Nassau County with certain costs in connection with the maintenance of railroad stations in that county, the court, without discussion, ruled that whether the action be deemed one for a declaratory judgment or a CPLR article 78 proceeding, the proper venue was New York County where the M.T.A. had its principal office.
In that case, although the facilities subject to the dispute were located in Nassau County, the issue was solely a financial one which did not in any manner affect the operation or condition of the train stations or the users thereof. The stations would not be in any better or worse condition depending on which governmental entity was required to bear the cost of the improvements, and the passengers who used the stations were not affected financially.
The situation in that case at bar is different. Here Richmond County residents, who are probably the principal users of the bridge, are affected by the increased toll whenever the facility is used. Thus, since the TBTA decision has a direct impact on the users of the facility, the alternative provision in *582 CPLR 505 (a), permitting venue in the county where the facility involved in the action is located, authorizes the maintenance of this suit in Richmond County.
The cases cited by the TBTA involving article 78 proceedings are inapposite. The venue section relating to such proceedings, CPLR 506 (b), is worded differently than CPLR 505 (a) in that the former section does not contain the "facilities involved” language of the latter, but rather provides for venue to be placed "where the material events otherwise took place”. If CPLR 506 (b) were the governing provision on this motion, it would seem that Richmond County would not be the proper county as the "material events” subject to review would be the vote in New York County.
Although TBTA requests the court to convert the actions into article 78 proceedings, with the consequence that CPLR 506 (b) would thus be applicable, it does not seriously contend that plaintiffs were not within their rights in seeking injunctive relief through declaratory judgment actions.
It should be noted that if the Statute of Limitations were at issue, the court would apply the four-month limitation of CPLR 217 (applicable to article 78 proceedings) as it would appear that the issues raised herein could be determined in such a proceeding. (See, Solnick v Whalen, 49 NY2d 224 [1980]; Lenihan v City of New York, 58 NY2d 679 [1982].) However, since the reason to apply the shorter limitation period of CPLR 217 to actions that could be commenced as article 78 proceedings (not permit the form of the action to extend the limitation period) is not pertinent on the issue of venue, there is no reason to apply the venue provisions applicable to such proceedings to these actions.
In conclusion, since these actions were properly commenced in Richmond County, the motions to change venue are denied.