■ LEONARD McCOMB, Appellant, v TOWN OF GREENVILLE, Respondent.—In a proceeding pursuant to CPLR article 78 which was converted to an action, *inter alia,* for a judgment declaring the rights and duties of the parties with respect to Local Laws, 1987, No. 2 of the Town of Greenville, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Rosato, J.), dated August 1, 1988, which, *inter alia,* declared that the law is valid.

Ordered that the judgment is affirmed, with costs.

Pursuant to Local Laws, 1987, No. 2 of the Town of Greenville, the Town Board of the Town of Greenville (hereinafter the Board) notified the plaintiff that his property was a "dangerous property" which must be made safe within 60 days. The notice was issued following reports to the Board by the town's building inspector and fire inspector that the storage of tires on the property represented a fire and health hazard. The fire inspector's report referred to several fire

hazard violations which had previously been issued to the plaintiff and which had remained uncorrected. The notice issued by the Board included the date of a public hearing scheduled on the matter. The plaintiff acknowledged receiving the notice but did not attend the public hearing. Following the hearing, the Board issued a resolution directing the building inspector to prepare contingency plans for a cleanup of the property in the event that the plaintiff did not comply with the notice.

The plaintiff contends on appeal that the procedures in Local Laws, 1987, No. 2 of the Town of Greenville deprived him of due process and that the statute is therefore invalid. Because statutes are presumptively valid, the plaintiff had the burden of establishing the unconstitutionality of the local law beyond a reasonable doubt *(see, Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358; *Long Is. Light. Co. v Mack,* 137 AD2d 285, *appeal dismissed* 74 NY2d 804). We find that the plaintiff failed to sustain his burden. The local law was a valid exercise of the town's authority to regulate unsafe properties *(see,* Town Law § 130 [16]; *Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie,* 96 AD2d 595). The statute provided notice and an opportunity to be heard before the town took any direct action to remedy the condition on the property, which is all that due process requires *(see, e.g., Sheehan v County of Suffolk,* 67 NY2d 52, *cert denied sub nom. MacKechnie v County of Sullivan,* 478 US 1006). To the extent that the plaintiff relies on the decision in *Yax v Town of Evans* (41 AD2d 232), to argue that the Board was required to apply to court before beginning any cleanup operation, we note that Town Law § 130 (16) was subsequently amended to omit such a requirement.

We agree with the Supreme Court that the record establishes that the Board's determination to declare the plaintiff's property a public nuisance and to direct the building inspector to make contingency plans in the event that the plaintiff failed to comply with the notice was not arbitrary or capricious and should be upheld.

The plaintiff's remaining contentions are without merit. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.