■ LEONARD McCOMB, Appellant, v TOWN OF GREENVILLE, Respondent.—In an action for a judgment declaring a municipal contract void, the plaintiff appeals from an order of the Supreme Court, Orange County (Ingrassia, J.), dated March 17, 1989, which granted the defendant's motion to dismiss the action as time barred.

Ordered that the order is affirmed, with costs.

The plaintiff challenges the defendant town's award of a contract to a third party to remove tires and other debris from the plaintiff's property. In a prior proceeding brought by the plaintiff to invalidate a local ordinance regulating unsafe properties within the town, this court upheld the ordinance and the town's actions declaring his property a fire and health hazard and preparing contingency plans for its cleanup *(Mc-Comb v Town of Greenville,* 160 AD2d 779). To clean up the plaintiff's property, the town solicited bids, and, on August 24, 1988, awarded the contract in question. The town contends that the instant action challenging that contract, was commenced on January 30, 1989, and is barred by the applicable four-month Statute of Limitations.

In a declaratory judgment action such as this, the applicable Statute of Limitations is determined by the substantive nature of the claim *(see, Solnick v Whalen,* 49 NY2d 224; *see also, Press v County of Monroe,* 50 NY2d 695). If a proceeding pursuant to CPLR article 78 would have been appropriate to settle a dispute with a governmental entity, the period of limitations governing proceedings pursuant to CPLR article 78 is applicable *(see, Solnick v Whalen, supra; see also, Lenihan v City of New York,* 58 NY2d 679; *Press v County of Monroe, supra).* The plaintiff's challenge to the town's award of the contract was in the nature of a CPLR article 78 proceeding to review an administrative and quasi-judicial discretionary function exercised by town officials. Thus, the applicable Statute of Limitations is four months *(see,* CPLR 217; *Solnick v Whalen, supra; see also, Matter of Conduit & Found. Corp. v Metropolitan Tr. Auth.,* 66 NY2d 144; *Lenihan v City of New York, supra; Press v County of Monroe, supra; Matter of Marvec-All State v Purcell,* 110 Misc 2d 67, *affd* 87 AD2d 593).

The plaintiff contends that his action commenced on January 30, 1989, is not time barred since the four-month Statute of Limitations should be measured from October 18, 1988, the date the town actually executed the contract, rather than from August 24, 1988, the date the town awarded the contract. We disagree. The four-month period must be measured from August 24, 1988, since on that date the plaintiff knew or should have known he was aggrieved, and the town's awarding of the contract was, for purposes of CPLR 217, a final and binding determination *(see, Matter of Metropolitan Package Store Assn. v Duffy,* 143 AD2d 832, 833). Since the town approved the bid on August 24, 1988, and since the action was not commenced until January 30, 1989, the action is time

barred. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.