■ Joy Builders, Inc., as Successor to Route 304 Realty, Inc., Appellant-Respondent, v Town of Clarkstown, Respondent-Appellant. [719 NYS2d 674] —In an action for a judgment declaring that the defendant's imposition of certain fees upon its property was illegal, and to recover damages, the plaintiff appeals from so much of (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated March 19, 2000, as granted the defendant's cross application to dismiss the first and second causes of action asserted in the complaint, and (2) a judgment of the same court, entered June 9, 2000, as dismissed the first and second causes of action asserted in the complaint, and the defendant cross-appeals from so much of the same judgment as is in favor of the plaintiff and against it on the third cause of action declaring that its imposition of inspection fees on the plaintiff's property was illegal, and is in favor of the plaintiff and against it in the principal sum of $57,409.86 on the fourth cause of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by delet-

ing the provisions thereof in favor of the plaintiff and against the defendant on the third and fourth causes of action and substituting therefor provisions declaring that the third cause of action is dismissed as time-barred and dismissing the fourth cause of action; as so modified, the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the appellant failed to perfect that appeal and, in any event, the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Although this action sought, *inter alia,* a declaratory judgment and was litigated by the plaintiff as an action for money had and received, the plaintiff should have sought relief in a proceeding pursuant to CPLR article 78. It is well settled that, "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp., v McBarnette,* 84 NY2d 194, 201, citing *Solnick v Whalen,* 49 NY2d 224, 230; *McComb v Town of Greenville,* 163 AD2d 369; *see also, Bennett Rd. Sewer Co. v Town Bd.,* 243 AD2d 61). Accordingly, the applicable Statute of Limitations is the four-month period for proceedings pursuant to CPLR article 78 (*see,* CPLR 217). The instant matter, which was commenced over six years after the defendant informed the plaintiff that it would impose the disputed fees on its property, was not timely commenced. Therefore, it must be declared that the third cause of action is time-barred and the complaint is dismissed. Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.