■ In the Matter of OREGON REALTY, Appellant, v DONALD HALPERIN et al., Respondents. [646 NYS2d 562] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, the petitioner appeals from an order of the Supreme Court, Queens County (Milano, J.), dated June 1, 1995, which granted the cross motion of the Division of Housing and Community Renewal to dismiss the proceeding as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the petitioner's CPLR article 78 proceeding was time-barred since the determination of the respondent Division of Housing and Community Renewal (hereinafter the DHCR) was issued on July 22, 1994, whereas the petitioner did not commence this proceeding to review that determination until December 13, 1994 (*see,* Administrative Code of City of NY § 26-516 [d]; 9 NYCRR 2530.1; *Matter of Brown v New York State Div. of Hous. & Community Renewal,* 170 AD2d 600).

Inasmuch as the petitioner's attorney did not comply with the Rent Stabilization Code provision that would have required service to be made on the petitioner's counsel rather than the petitioner itself (*see,* 9 NYCRR 2523.6 [a]), there is no merit to the petitioner's argument that the Statute of Limitations was tolled for failure to have served a copy of its determination on the petitioner's attorney. As for the petitioner's claim that it never received the copy of the determination that the DHCR mailed to its address as shown on the "Petition for Administrative Review" form filed with the DHCR, the showing made by the DHCR was sufficient to create a rebuttable presumption of receipt (*see, Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943; *Azriliant v Eagle Chase Assocs.,* 213 AD2d 573, 575). The petitioner's denial of receipt, standing alone, is insufficient to rebut the presumption (*see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830).

The petitioner's remaining contention is without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.