■ In the Matter of DANIELLE FAIR, Appellant, v KALMAN FINKEL et al., Respondents. [727 NYS2d 401] —Judgment, Supreme Court, New York County (William Davis, J.), entered

April 12, 2000, which denied and dismissed the petition pursuant to CPLR article 78 to annul a December 22, 1998 determination of respondent New York City Housing Authority (NYCHA) denying petitioner's application for reinstatement of her certificate for a Section 8 rent subsidy, unanimously reversed, on the law, without costs or disbursements, and the petition granted to the extent of remanding the matter to NYCHA for a hearing as to the merits of the proposed termination of Section 8 benefits.

Petitioner, whose only income is from Social Security Disability and Public Assistance, received a rent subsidy under the Section 8 Existing Housing Program from December 21, 1994 until NYCHA terminated her participation effective November 30, 1997. This program was established by Federal law (42 USC § 1437f) to provide rent subsidies for lower income families "to enable them to obtain decent, safe and sanitary housing in the private sector." (*Matter of Malek v Franco*, 263 AD2d 427, 428, *lv denied* 94 NY2d 762.) Petitioner's monthly subsidy was $794; she contributed the balance of $130 from her Public Assistance grant. Respondent NYCHA administers the program and makes payments directly to the owner of the private dwelling on behalf of the participating family.

Under the program, NYCHA must inspect the unit at least annually (24 CFR 982.153 [b] [11]) in order to insure that the housing unit continues to meet the Section 8 housing quality standards, and the participating family must allow NYCHA to inspect "at reasonable times and after reasonable notice" (24 CFR 982.551 [d]). If a family violates its obligation to permit inspection, NYCHA may terminate assistance. (24 CFR 982.552 [c] [i].) But before assistance may be terminated, NYCHA must follow certain procedures, which include three separate written notices. These procedures were established in a "First Partial Consent Judgment" entered into on October 4, 1984, to which NYCHA was a party, in a Federal challenge to NYCHA's methods of terminating Section 8 assistance. (*See, Williams v New York City Hous. Auth.*, 975 F Supp 317 [SD NY].)

First, after a preliminary determination that there exists a basis for termination, NYCHA must send the participant a warning letter specifically stating the basis for the termination and, if appropriate, seeking the participant's compliance. Thereafter, if the conditions which led to the preliminary determination have not been remedied within a reasonable time, NYCHA must send a second written notice, the Notice of

Termination,[1] by certified and regular mail, stating the specific grounds for termination and informing the participant that he or she may request a hearing (and an optional pre-hearing conference). If the participant does not respond to the Notice of Termination or T-1 letter, NYCHA is required to mail a Notice of Default[2] advising the participant that the rent subsidy will be terminated and the grounds therefor and affording the participant another opportunity to request a hearing. If the participant takes no action after the Notice of Default or T-3 letter, the rent subsidy will be terminated on the 45th calendar day following the date of mailing of the Notice of Default. If, however, a participant requests a hearing after the 45-day period, the participant's default may be reopened "upon a showing of good cause."

By order to show cause dated March 22, 1999, petitioner commenced this proceeding to annul a December 22, 1998 decision of NYCHA denying petitioner's application for reinstatement into the Section 8 program. The petition alleged that petitioner did not receive a notice to recertify her continued eligibility in 1997 and that she only learned in November 1998, at approximately the time respondent landlord commenced a summary nonpayment proceeding against her, that her subsidy had not been renewed. Attached to the petition was a letter from NYCHA dated December 22, 1998, which stated that NYCHA had received petitioner's letter requesting reinstatement to the Section 8 program and was denying her request "due to the amount of time which has [elapsed] since [her] termination from the Section 8 program and given all the facts of [her] case and the Section 8 Program regulations." The letter did not set forth the basis for her termination from the program.

In its answer, NYCHA asserted that petitioner had failed to permit it to perform an annual inspection of her apartment on April 10, 1996 and that although NYCHA had mailed petitioner T-1 and T-3 letters, she had failed to request a hearing. Accordingly, NYCHA asserted, it terminated her benefits effective November 30, 1997. The IAS court dismissed the petition, holding that the record established that petitioner failed to permit NYCHA to perform an annual inspection and failed to respond to two written notices advising that her benefits would be terminated for this reason. Accordingly, the court concluded, there is a rational basis for NYCHA's determination. We reverse.

---

1. NYCHA refers to this notice as a T-1 letter.
2. NYCHA refers to this notice as a T-3 letter.

The First Partial Consent Judgment in *Williams v New York City Hous. Auth.* (SD NY, 81 Civ 1801) provides that termination of the Section 8 subsidy "shall be made only after a determination in accordance with the procedures and provisions herein." Those procedures require that the participant be advised of the specific grounds for termination of benefits and expressly provide for mailing of a warning letter, a Notice of Termination, which must be served by both regular and certified mail, and a Notice of Default. There is no showing that NYCHA has complied with these procedures in this case; on the contrary, the record reflects that NYCHA mailed only two of the three required notices and that none of the notices were served by certified mail. Absent proof that NYCHA complied with the required procedures, its termination of petitioner's Section 8 subsidy was in violation of lawful procedure. Concur—Sullivan, P. J., Williams, Mazzarelli, Wallach and Rubin, JJ.