■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HAYES, Appellant. [726 NYS2d 545] —Judgment, Supreme Court, New York County (James Yates, J., on pretrial motion; Charles Tejada, J., at jury trial and sentence), rendered December 16, 1996, convicting defendant of nine counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to three concurrent terms of 7 years, consecutive to six concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly granted the People's consolidation motion and properly denied defendant's severance motion. As defendant concedes, the offenses were characterized by a unique *modus operandi*. Therefore, they were properly joined pursuant to CPL 200.20 (2) (b). Since identity was an issue at trial, the People were entitled to introduce all the evidence available to them in order to prove defendant's identity beyond a reasonable doubt (*People v Allweiss*, 48 NY2d 40, 47). Indeed, evidence of the unique *modus operandi* employed in the nine burglaries was highly probative and cannot be characterized as merely cumulative. Since the offenses were properly joinable under CPL 200.20 (2) (b), the court lacked statutory authority to grant a discretionary severance (*People v Bongarzone*, 69 NY2d 892, 895). Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.

■ In the Matter of EDNA FERNÁNDEZ, Appellant, v NYCHA LAW DEPT. et al., Respondents. [726 NYS2d 266] —Order, Supreme Court, New York County (William Wetzel, J.), entered April 24, 2000, which, in a proceeding to annul respondent Housing Authority's determination terminating petitioner's participation in the Section 8 Existing Housing Program (42 USC § 1437f), dismissed the petition as barred by the Statute of Limitations, unanimously affirmed, without costs.

Under paragraph 22 (f) of the first partial consent judgment in *Williams v New York City Hous. Auth.* (SD NY, Oct. 17, 1984, 81 Civ 1801), the four-month Statute of Limitations of CPLR 217 began to run on the date of receipt of respondent's letter notifying petitioner that her participation in the program would be automatically terminated in 45 days if she did not request a hearing. As the letter was dated August 12, 1999, and as the instant proceeding was not commenced until January 17, 2000, the petition was properly dismissed as untimely. Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.