■ In the Matter of ANNIE WOOTEN, Petitioner, v KALMAN FINKLE et al., Respondents. [728 NYS2d 152] —Determination of respondent New York City Housing Authority, dated September 14, 1998, which terminated petitioner's tenancy in public housing on the ground of violation of probation, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered September 30, 1999), dismissed, without costs.

Petitioner resides in public housing. In 1991, as a result of charges alleging that petitioner's adult children and a nephew had in four separate instances possessed drugs, Reggie White, one of petitioner's adult sons, was permanently excluded and petitioner's continued eligibility for public housing was made subject to one year of probation and contingent upon Reggie White's exclusion. In 1995, eviction of petitioner was sought based on charges alleging that Reggie White and another son had been selling drugs on the grounds of the public housing project where petitioner lived while residing in petitioner's apartment in violation of the prior exclusion order. That eviction was resolved on the basis of a November 1997 stipulation by which petitioner agreed to maintain the continued absence of Reggie White and to be subject to a two-year probationary

period. Three months after assuming her obligation to exclude Reggie White under the stipulation which preserved her public housing tenancy, a Housing Authority investigator made an unannounced visit at which time he claimed to have discovered Reggie White present in violation of the stipulation. After a subsequent administrative hearing, at which petitioner was represented by counsel, an impartial hearing officer credited the investigator's account of his discovery and rejected the alternative explanation provided by petitioner. Petitioner testified that Reggie White was not present when she left in the morning for an appointment nor when she returned. Petitioner also testified that Reggie White had lost his key to the apartment. Although the Housing Authority had expressly agreed to change the lock in the stipulation and had not done so by the date of the unannounced inspection, petitioner provided no explanation for her excluded son's presence in the apartment.

Where evidence conflicts, issues of credibility are the province of an administrative hearing officer, since "the decision by an Administrative Hearing Officer to credit the testimony of a given witness is largely unreviewable by the courts" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *see also, Matter of Walker v Franco*, 275 AD2d 627; *Matter of Woody v Franco*, 260 AD2d 186, *lv denied* 94 NY2d 754; *Cataquet v Hernandez-Pinero*, 198 AD2d 193). The Housing Authority proved to the satisfaction of the hearing officer that petitioner's excluded son was present in the apartment. In these circumstances respondents' determination is supported by substantial evidence (*Matter of Serrano v Popolizio*, 183 AD2d 430). Although petitioner now argues that the previous exclusion order and continued absence stipulation were not each supported by sufficient evidence, petitioner did not challenge either in a timely proceeding and cannot collaterally attack either the order or the stipulation. The stipulation provided a sufficient basis upon which to proceed to terminate petitioner's tenancy for a violation (*Matter of Romero v Martinez*, 280 AD2d 58).

The *Romero* case compels the finding that substantial evidence supports the conclusion that petitioner violated the terms of the stipulation. Once we have found that an agency's determination is supported by substantial evidence, this Court lacks the power to upset the penalty imposed unless it is so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Featherstone v Franco*, 95 NY2d 550, 554). While we acknowledge that hardship will result from the eviction of petitioner and the children who live with her, this Court "has no discretionary authority or interest of justice ju-

risdiction in reviewing the penalty imposed." (*Matter of Kelly v Safir*, 96 NY2d 32, 38.) Under the present law, this result is the predictable outcome of petitioner's conduct.

There is no reason on this record to believe that petitioner would abide by a new order or stipulation to exclude a son whom she has previously and without success been ordered or agreed to exclude (*Matter of Featherstone v Franco*, 269 AD2d 109, *affd* 95 NY2d 550). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.