■ In the Matter of EVELYN SANCHEZ, Petitioner, v JOHN MARTINEZ et al., Respondents. [740 NYS2d 314] —Determination

of respondent New York City Housing Authority, dated April 14, 1999, which terminated petitioner's tenancy in public housing on the grounds of violation of a stipulation requiring her to maintain the continued absence of a named person from her apartment and of violation of probation, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael Stallman, J.], entered October 12, 2000), dismissed, without costs.

Following the police detention of petitioner's friend as the result of an incident in the hallway of petitioner's building in a public housing development, respondent brought a termination proceeding against petitioner. Petitioner then stipulated that the friend would not be permitted to reside in or to visit her apartment. After respondent's investigator subsequently found the excluded person in petitioner's apartment, termination of tenancy proceedings were reinstituted against her. At a hearing on the reinstituted proceeding, nearly three years after the stipulation, petitioner, for the first time, moved to vacate the stipulation, and that motion was denied.

We find no basis upon which to vacate the stipulation or to relieve petitioner of its effects. The stipulation was neither onerous nor contrary to public policy (*Matter of Romero v Martinez*, 280 AD2d 58). Here, the excluded person was not even a family member and although petitioner had agreed to bar him from visiting her apartment, she knowingly permitted him to do so, admittedly on a frequent basis.

Petitioner further contends that the stipulation was invalid because the initial nondesirability proceeding from which the stipulation resulted should never have been brought in the first place, in that it allegedly lacked a sufficient factual basis. However, petitioner could have proceeded with the termination hearing at which respondent would have been required to meet its burden of proof. Instead, petitioner chose to enter into the stipulation, and made no effort to vacate it until the instant proceedings. Accordingly, she should be bound by the stipulation (*see, Matter of Romero v Martinez, supra* at 63-64; *see also, Matter of Wooten v Finkle*, 285 AD2d 407; *Blackman v New York City Hous. Auth.*, 280 AD2d 324). In any event, the record does not establish that the initial termination proceeding was unfair, factually meritless or without any prospect of success. The additional grounds asserted by petitioner in support of her contention that the stipulation was invalid are not supported by the record.

The testimony of respondent's investigator, in addition to

petitioner's own testimony, provided substantial evidence to support the finding that she knowingly and intentionally violated the stipulation. The penalty of termination does not shock our sense of fairness (see, *Matter of Featherstone v Franco*, 95 NY2d 550). We note that the offending friend was not a family member, that he clearly stayed overnight on the date in question, that he frequently visited petitioner with her knowledge and consent, and that petitioner permitted him to receive mail at her apartment and to use her address for pedigree purposes in connection with his frequent arrests. Moreover, the hearing officer found that petitioner displayed an attitude of indifference toward her obligations under the stipulation.

We have considered and rejected petitioner's remaining contentions. Concur—Williams, P.J., Buckley, Lerner, Friedman and Marlow, JJ.