(September 16, 2003)

■ In the Matter of TAWANA ROBINSON, Respondent, v JOHN G. MARTINEZ, as Chair of the New York City Housing Authority, et al., Appellants. [764 NYS2d 94] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 18, 2002, which granted the petition pursuant to CPLR article 78 to annul the determination of respondent New York City Housing Authority, dated July 29, 1998, terminating petitioner's Housing Authority tenancy, unanimously affirmed, without costs.

In settlement of an earlier eviction proceeding brought against her by respondent Housing Authority, petitioner entered into a stipulation in which she agreed to exclude her teenage son from her apartment. She further stipulated that if her son returned to the apartment, even to visit, she would be subject to additional penalties, including termination of her tenancy. In subsequently commenced administrative proceedings, petitioner admitted that she had violated the stipulation of settlement on one occasion. She explained that she permitted her son, who was seriously ill, to spend the night of October 19, 1997 at her apartment so that she could assure that he got to an important doctor's appointment at a nearby hospital clinic the following day. Notwithstanding petitioner's explanation, respondent Housing Authority determined that, in light of her violation of the stipulation, her tenancy should be terminated.

Petitioner's article 78 challenge to the validity of the underlying stipulation is time-barred (*see* CPLR 217 [1]; *Matter of Sanchez v Martinez,* 293 AD2d 292 [2002], *lv denied* 99 NY2d 502 [2002]; *Matter of Wooten v Finkle,* 285 AD2d 407 [2001]), and, in any event, that particular issue is unpreserved since she failed to challenge the validity of the stipulation at the administrative level. Her petition was timely insofar as it challenged the subsequent determination terminating her tenancy, and was properly granted by Supreme Court since the record fails to demonstrate that the Housing Authority, in reaching its determination, followed its own Termination of Tenancy Procedures, adopted to assure compliance with federal due process requirements (*see* CPLR 7803 [3]; *Matter of Fair v Finkel,* 284 AD2d 126 [2001]; *Matter of Garner v Tuckahoe Hous. Auth.,* 81 AD2d 915 [1981]).

Finally, we note that even if the determination at issue had not been vitiated by procedural error, we would nonetheless vacate the penalty imposed. The underlying stipulation did not mandate termination for its violation and, under the circumstances here obtaining, in which the criminal charge against the son was ultimately dismissed, petitioner, a 21-year Housing Authority resident, came forward with a compelling explanation for permitting her son to return to her apartment for one night, and his return did not in any way compromise the health or safety of other Housing Authority tenants, the penalty of termination is shockingly disproportionate (see Matter of Stroman v Franco, 253 AD2d 398 [1998], lv denied 93 NY2d 817 [1999]). Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.