■ In the Matter of STEPHEN M. CONLEY, Respondent, v NEW YORK CITY LOFT BOARD, Respondent, and EPDI ASSOCIATES, Appellant. [772 NYS2d 519]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 17, 2002, which granted petitioner tenant's application to annul respondent Loft Board's determination that the subject loft was abandoned, remanded the matter to the Loft Board for a new abandonment proceeding, and denied respondent landlord's cross motions to compel petitioner to post security for costs and for leave to conduct discovery on the issue of the tenant's residence, unanimously modified, on the facts and in the exercise of discretion, to grant the landlord's cross motions to the extent of directing the posting of security for costs, in the amount of $10,000, within 30 days from the date of service upon petitioner of a copy of this order, with notice of entry, and remanding for an immediate hearing, and otherwise affirmed, without costs.

The determination of abandonment was properly annulled as either violative of lawful procedure or affected by an error of law (CPLR 7803 [1]; *see Matter of Lee TT. v Dowling*, 87 NY2d 699 [1996]; *Matter of Fair v Finkel*, 284 AD2d 126, 129 [2001]). At the time the landlord applied for the abandonment order, it had not registered the loft as an interim multiple dwelling or paid the annual registration fees, as required by 29 RCNY 2-05 (e) (1) (i). "No applications filed by a landlord of an interim multiple dwelling shall be processed by the Loft Board unless the registration renewal is current on the date of filing of such application" (29 RCNY 2-05 [f]). We note that the tenant's CPLR article 78 proceeding to annul the abandonment determination is supported by the Loft Board, which was not advised by the landlord of its noncompliance with the registration requirement, and admits to administrative error in failing to verify registration before processing the application. There is no merit to the landlord's claim of estoppel against the Loft Board (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed and cert denied* 488 US 801 [1988]). With respect to the tenant, who did not oppose the abandonment application, no basis exists to disturb the motion court's finding that he was not served in a manner likely to give him notice of the abandonment proceeding, and thus did not have a fair opportunity to oppose it (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 501 [1984]; *Matter of Franco v Wing*, 271 AD2d 242 [2000]). The landlord's cross motions for security for costs and discovery on the issue of the tenant's residence should have been granted to the extent of directing the posting of security for costs in the amount of $10,000 and the matter remanded for an immediate hearing. We have considered and rejected the landlord's other arguments. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ.