In the Matter of LORRAINE FOLKS, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [812 NYS2d 46]—

Determination of respondent New York City Housing Authority, dated June 9, 2004, terminating petitioner's public housing tenancy, unanimously confirmed, the petition denied and the

proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered May 24, 2005) dismissed, without costs.

Respondent's findings that petitioner failed to comply with the terms of a stipulation in which she agreed to both permanently exclude certain individuals from her apartment who had engaged in criminal activity and inform everyone in her household, as well as the excluded persons, of the exclusion, are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Such evidence included unchallenged testimony that excluded persons were seen inside petitioner's apartment within the probationary period, at least one of whom was admitted into the apartment by petitioner herself and another of whom claimed lack of awareness of the exclusion. Nor was petitioner, who was repeatedly advised by respondent of her right to legal representation, denied assistance of counsel at the hearing; respondent was not obligated to provide legal representation (*see New York City Hous. Auth. v Johnson*, 148 Misc 2d 385, 388 [App Term, 1st Dept 1990]). Petitioner's challenge to the validity of the stipulation is time-barred (CPLR 217; *cf. Matter of Wooten v Finkle*, 285 AD2d 407, 408 [2001]), and also improperly raised for the first time in this proceeding. The penalty of termination does not shock our sense of fairness (*see Wooten* at 408-409), particularly in view of the serious criminal activity of the four excluded individuals. Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.