Determination of respondent New York City Housing Authority, dated February 21, 2007, terminating petitioner’s public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis B. York, J.], entered June 19, 2007), dismissed, without costs.
Respondent’s findings that petitioner failed to comply with a stipulation in which she agreed to permanently exclude her boyfriend from her apartment, and that her boyfriend unlawfully engaged in or attempted to engage in sexual relations or contact with a female under the age of 11 years old in her apartment, are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). Such evidence includes the boyfriend’s guilty plea to attempted sexual abuse in the first degree, the transcript of the plea allocution, and the testimony of the detective who interviewed the victim of the sexual abuse, a foster child living in petitioner’s home. Petitioner’s claims that she was forced by inexperienced counsel and the Housing Authority to enter into the stipulation in the prior matter, and that the prior matter was based on unfair charges, are not reviewable in this proceeding and are barred by the four-month statute of limitations for review of a final determination (CPLR 217 [1]; see Matter of Folks v New York City Hous. Auth., 27 AD3d 270, 271 [2006], lv denied 7 NY3d 709 [2006]; Matter of Sanchez v Martinez, 293 AD2d 292, 294 [2002], lv denied 99 NY2d 502 [2002]). The penalty of termination does not shock our conscience, particularly in view of the serious consequences of petitioner’s noncompliance with the stipulation (cf. Folks; Sanchez). Concur—Gonzalez, J.P, McGuire, Moskowitz, DeGrasse and Freedman, JJ.