■ In the Matter of JT TAI & Co., INC., Appellant, v CITY OF NEW YORK et al., Respondents. In the Matter of MANOCO LP, Appellant, v CITY OF NEW YORK et al., Respondents. In the Matter of STACY MAOU, Appellant, v CITY OF NEW YORK et al., Respondents. In the Matter of ROBINSON CALLEN, Trustee, Appellant, v CITY OF NEW YORK et al., Respondents. [925 NYS2d 434]—

Judgments, Supreme Court, New York County (Paul Wooten, J.), entered October 7, 2010, denying the petitions to, among other things, annul the determinations of the New York City Environmental Control Board (ECB) which found that petitioners were outdoor advertising companies subject to the higher penalties set forth in former section 26-262 of the Administrative Code of the City of New York, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.

All four above-captioned appeals are determined by our construction of the same statute. Because the factual differences between the four petitions are not germane to our determination of the issue, we combine the appeals and consider them together.

The four petitioners are similarly situated property owners.

They challenge the determinations of the ECB that they are outdoor advertising companies (OACs) as that term is defined in Administrative Code former § 26-259 (b) and (c), and hence, subject to enhanced sanctions for illegal signage. They argue that the definition of an OAC does not apply to property owners who lease space on their properties to registered OACs for advertising purposes.

Petitioner Callen is a property owner that leases space on premises at 30 Gansevoort Street directly to OACs which display advertising signs on the premises' exterior. The New York City Department of Buildings (DOB) issued notices of violation against petitioner for failing to register as an OAC, failing to obtain a permit for the outdoor advertising signs, and for violating various zoning regulations.

Petitioner Maou owns premises in New Hyde Park, Queens County. In July 2004, petitioner entered into an agreement with Vista Media Group Inc. to lease space for a wall sign for outdoor advertising purposes. In July 2007, DOB issued this petitioner three notices of violation.

Petitioner Manoco LP is the owner of premises at 150 East 58th Street. In 1994, petitioner entered into a long-term lease with the predecessor in interest of Signal Outdoor Advertising LLC, an OAC registered with the City of New York. On May 2007, DOB issued petitioner three notices of violation relating to the installed signage.

Petitioner JT Tai & Co. Inc. is the owner of premises at 591 Third Avenue. In 1998, petitioner entered into a five-year lease with Allied Outdoor Advertising allowing Allied to erect outdoor advertising signage on an exterior wall of the building, and subsequently the lease was extended by successors in interest until 2012. In March 2007 the DOB issued petitioner five notices of violation for, inter alia, failing to register as an OAC, and for displaying advertising signs without a DOB permit and in excess of the size permitted.

We find that the ECB's determinations that petitioners are OACs within the meaning of Administrative Code former § 26-259 (b) (as amended by Local Law No. 31 [2005] of City of NY) are rational and not arbitrary and capricious. At the time of issuance of the notice of violations to petitioners, Administrative Code former § 26-259 (b) defined an OAC as an entity involved in "the outdoor advertising business," and Administrative Code former § 26-259 (c) defined "the outdoor advertising business" as, in pertinent part, "the business of . . . leasing . . . or otherwise either directly or indirectly making space on signs situated on buildings and premises within the city of New York

available to others for advertising purposes." When construing these statutory provisions by their plain terms, as one must when statutory interpretation does not involve specialized knowledge (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 565-566 [2004]), it is clear that the conduct of the petitioners falls within the statutory definition of an OAC.

Petitioner Callen's contention that the ECB exceeded its authority under the New York City Charter by fining it in excess of $25,000 is unpreserved since petitioner failed to raise it at the administrative level (*see Matter of Robinson v Martinez*, 308 AD2d 355, 355 [2003]), and we decline to review it in the interest of justice. Were we to review it, we would find it unavailing. Although New York City Charter § 1049-a (d) (1) (g) provides that the ECB may enforce civil penalty orders of up to $25,000 by entering the order as a judgment "in the civil court of the city of New York or any other place provided for the entry of civil judgments within the state," section 1049-a (d) (3) provides that the ECB may apply to a court of competent jurisdiction for enforcement of any of its other orders. Accordingly, ECB has the authority to apply to a court of competent jurisdiction to enforce orders of greater than $25,000. Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32337(U).]**