In the Matter of Hudson House, LLC, Appellant, v New York State Division of Housing and Community Renewal et al., Respondent, et al., Respondents. [933 NYS2d 592]—

A proceeding pursuant to CPLR article 78 to review a determination regarding a petition for administrative review must be commenced within 60 days after such determination is rendered (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [d]). Here, the subject determination was rendered on July 23, 2009, when it was issued and mailed to the petitioner. In addition, the New York State Division of Housing and Community Renewal (hereinafter the DHCR), adduced suf-

ficient evidence of its "controlled and well-documented mailing procedures" so as to create a rebuttable presumption of receipt (*Matter of Le Havre Tenants Assn., Inc. v New York State Div. of Hous. & Community Renewal*, 17 AD3d 368, 368 [2005]), and the petitioner's denial of receipt, without more, was insufficient to rebut the presumption (*see Matter of Oregon Realty v Halperin*, 230 AD2d 860 [1996]). In addition, the petitioner did not make a showing that the DHCR's "routine office practice was not followed or [that it] was so careless that it would be unreasonable to assume that the [determination] was mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]). Accordingly, the commencement of this proceeding in April 2010, more than nine months after the July 23, 2009, determination, was untimely and, thus, the motion to dismiss the petition as time-barred was properly granted and the proceeding properly dismissed.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.