■ In the Matter of PATRIA LOPEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [939 NYS2d 846]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 8, 2011, granting the petition to the extent of, among other things, annulling respondent New York City Housing Authority's determination to terminate petitioner's Section 8 rent subsidy, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.

Pursuant to paragraph 22 (f) of the first partial consent judgment in *Williams v New York City Hous. Auth.* (US Dist Ct, SD NY, 81 Civ 1801, Ward, J., 1984), the four-month statute of limitations of CPLR 217 began to run on the date of receipt of respondent's letter notifying petitioner that her Section 8 subsidy would be terminated in 45 days if she did not request a hearing (*Matter of Fernández v NYCHA Law Dept.*, 284 AD2d

202 [2001]). The record shows that the letter was mailed on June 16, 2008, raising a rebuttable presumption under the *Williams* consent judgment that petitioner received it five days later on June 21, 2008. This proceeding was not commenced until April 2010.

Accordingly, the petition should have been denied and the proceeding dismissed as time-barred (*Fernández*, 284 AD2d at 202). Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.