■ In the Matter of JOANN MOORER, Respondent, v NYC HPD OFFICE OF HOUSING OPERATIONS AND DIVISION OF TENANT RESOURCES, Appellant. [956 NYS2d 48]—

Supreme Court correctly found that petitioner timely commenced this article 78 proceeding and that respondent's determination should be annulled. The court correctly found that petitioner timely challenged respondent's decision to terminate her subsidy by timely filing a re-certification package with the agency addressing the grounds for termination, and by timely submitting the agency's form requesting a conference. It should be noted that the form to request a conference addressing pre-termination status and the form to request a hearing addressing termination status are virtually identical, in that both instruct the participant to explain why his or her subsidy should not be terminated, and that here, the agency concededly interpreted the request for a conference as a request for a hearing.

Subsequently, when petitioner finally received actual notice of respondent's adverse, final and binding administrative determination in September 2010, i.e., that her subsidy was terminated and that her request for a conference or hearing was denied, and commenced this proceeding in November 2010, it was well within the four-month limitation period (*see* CPLR 217 [1]; *Matter of Yarbough v Franco*, 95 NY2d 342 [2000]). Annulment was proper since respondent failed to comply with its own procedures in reaching its determination, inasmuch as its termination procedures require it to afford a hearing to challenge termination decisions, and respondent cannot lawfully terminate the subsidy until the hearing process is completed (*see* 24 CFR 982.555; CPLR 7803 [3]; *Matter of Robinson v Martinez*, 308 AD2d 355 [1st Dept 2003]). Concur—Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.