■ In the Matter of Viola Dial, Respondent, v John Rhea, Appellant, and 690 Gates, LP, Respondent. [974 NYS2d 516]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated August 16, 2007, terminating the petitioner's benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]), John Rhea, as Chairman of the New York City Housing Authority, appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Edwards, J.), dated November 14, 2011, which granted the petition, annulled the determination, directed reinstatement of the petitioner's subsidy retroactive to September 1, 2007, directed the payment of any rent subsidy amount that was not issued because of the termination, and denied his motion, in effect, to dismiss the petition on the ground that the proceeding was time-barred.

Ordered that the order and judgment is affirmed, with one bill of costs.

The petitioner commenced this proceeding pursuant to CPLR article 78 against the appellant, John Rhea, as Chairman of the New York City Housing Authority (hereinafter the NYCHA), and her landlord, 690 Gates, LP, challenging the termination by the NYCHA of her benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]). The petitioner alleged that the NYCHA did not comply with the notice provisions of the first partial consent judgment in *Williams v New York City Hous. Auth.* (US Dist Ct, SD NY, 81 Civ 1801, Ward, J., 1984) (hereinafter the *Williams* first partial consent judgment), prior to terminating her Section 8 rent subsidy. The appellant moved, in effect, to dismiss the petition on the ground that the proceeding was time-barred. The Supreme Court denied

the motion, granted the petition, and annulled the NYCHA's determination to terminate the petitioner's Section 8 rent subsidy.

The *Williams* first partial consent judgment "established procedures by which Section 8 tenants may challenge a NYCHA decision to discontinue or terminate subsidy payments" (*Williams v New York City Hous. Auth.*, 975 F Supp 317, 319 [SD NY 1997]). According to the *Williams* first partial consent judgment, "[t]ermination of the subsidy or eligibility of any participant in the Section 8 Housing Assistance Program . . . shall be made *only* after a determination in accordance with the procedures and provisions herein" (*Williams* first partial consent judgment ¶ 1 [emphasis added]). "A preliminary determination that there exists a basis for a proposed termination must be made" by the NYCHA (*Williams* first partial consent judgment ¶ 2). Thus, "before assistance may be terminated, NYCHA must follow certain procedures, which include[s] three separate written notices" (*Matter of Fair v Finkel*, 284 AD2d 126, 127 [2001]). Pursuant to paragraph 3 of the *Williams* first partial consent judgment, the NYCHA shall take the following steps:

"(a) a warning letter in Spanish and English will be sent to the participant, by regular mail, specifically stating the basis for the proposed adverse action; and, where appropriate, seeking the participant's compliance;

"(b) thereafter, if the conditions which led to the preliminary determination have not been remedied within a reasonable period of time after the mailing of the warning letter, a notice in Spanish and English shall be sent to the participant by certified mail with a copy by regular mail . . .

"(e) [i]n the event that the participant does not respond to the notice as provided for in Section 3 (b) above, a Notice of Default, in Spanish and English, shall be mailed to the participant."

The first written notice, described in paragraph 3 (a), is the warning letter. The second written notice described in paragraph 3 (b) is the notice of termination letter, known as the T-1 letter, and the third written notice outlined in paragraph (3) (e), known as the T-3 letter, is the notice of default letter (*see Matter of Fair v Finkel*, 284 AD2d at 128).

Pursuant to paragraph 22 (f) of the *Williams* first partial consent judgment, the four-month statute of limitations of CPLR 217 begins to run on the date of receipt of the NYCHA's notice of default letter (*see Williams* first partial consent judgment § 22 [f]; *see also Matter of Parks v New York City Hous.*

*Auth.*, 100 AD3d 407 [2012]; *Matter of Lopez v New York City Hous. Auth.*, 93 AD3d 448 [2012]; *Matter of Fernández v NYCHA Law Dept.*, 284 AD2d 202 [2001]). Paragraph 22 (f) cannot be read in a vacuum. Relying on contract principles, as urged by the NYCHA, and reading the *Williams* first partial consent judgment as a whole, we conclude that the NYCHA has the burden of satisfying the condition precedent of serving all three notices upon the Section 8 participant before its determination to terminate a participant's subsidy can be considered final and binding upon the participant (*see generally Consedine v Portville Cent. School Dist.*, 12 NY3d 286, 293 [2009]; *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]).

To the extent that the Appellate Division, First Department, holds differently (*see Matter of Lopez v New York City Hous. Auth.*, 93 AD3d 448 [2012]), we disagree and decline to follow that holding. Absent proof that the NYCHA complied with all of the required notice procedures, as set forth in the *Williams* first partial consent judgment, it failed to demonstrate that the statute of limitations had even begun to run.

To permit the statute of limitations to depend solely upon the mailing of the T-3 letter shifts the burden from the NYCHA to comply with the detailed provisions of the *Williams* first partial consent judgment, to which it agreed to be bound, to the participants in the Section 8 program. The notice provisions, as set forth in the *Williams* first partial consent judgment, are in place to ensure that a participant is given sufficient notice that his or her Section 8 subsidy is in peril of being terminated and to give him or her sufficient time to remedy the situation. Running the clock for statute of limitations purposes solely upon proof that the T-3 letter has been sent, rather than after all three required notices have been sent, fails to satisfy the letter, spirit, and purpose of the *Williams* first partial consent judgment. To do so puts the burden on the unsophisticated layperson to figure out whether the correspondence he or she received is a warning letter, a T-1 letter, or a T-3 letter, all of which look very similar. Rather, the *Williams* first partial consent judgment was entered into to ensure that a Section 8 participant would receive all three letters, giving the participant notice that his or her benefits are in imminent danger of being terminated if no action is taken. Allowing the NYCHA to avoid this condition precedent prior to running the statute of limitations provision set forth in paragraph 22 (f) would render the *Williams* first partial consent judgment a nullity.

Here, the NYCHA failed to show that it mailed two of the

three required notices. It did not present any proof that it mailed the initial warning letter and it submitted insufficient proof with respect to the mailing of the T-1 letter. As a result of this failure to abide by the notice provisions set forth in the *Williams* first partial consent judgment, the statute of limitations was not properly triggered and did not begin to run (*see Matter of Quesada v Hernandez*, 5 Misc 3d 1028[A], 2004 NY Slip Op 51597[U], *2 [Sup Ct, NY County 2004]). The NYCHA's concern that, under circumstances such as those presented in this case, the statute of limitations would indefinitely be tolled, fails to take into account that it is the NYCHA's own failure to abide by the requirements of the *Williams* first partial consent judgment which triggers such tolling. Inasmuch as the NYCHA controls the notices it provides to Section 8 participants, this concern can be alleviated by its simple adherence to the notice procedures and protocols set forth in the *Williams* first partial consent judgment, which it freely and voluntarily agreed to do prior to terminating a participant's Section 8 benefits.

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the appellant's motion to dismiss the petition, granted the petition, and annulled the NYCHA's determination to terminate the petitioner's Section 8 rent subsidy. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.