Miller, J.,
dissents, and votes to reverse the order and grant the appellants’ motion to dismiss the petition on the ground that the proceeding was time-barred, with the following memorandum: The petitioner commenced this proceeding to “reverse and annul” a determination made by the respondent New York City Housing Authority (hereinafter the Housing Authority) to discontinue benefits that she was receiving under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1] [hereinafter Section 8 benefits]), and to reinstate “the [rent] subsidy from about July 2010, to the present.” The verified petition, dated February 24, 2012, asserted that the Housing Authority’s determination to discontinue the petitioner’s Section 8 benefits should be annulled and that the petitioner was entitled to have her Section 8 benefits “reinstated] . . . retroactively to the date of termination” because the Housing Authority determination was made in violation of lawful procedure.
*709 The Housing Authority and John Rhea, as chairman of the Housing Authority (hereinafter together the appellants), thereafter interposed a pre-answer motion pursuant to CPLR 7804 (f) to dismiss the petition on the ground that it was time-barred. In support of their motion, the appellants submitted, inter alia, a mail log and employee affidavits which demonstrated that notice of the Housing Authority’s determination to terminate the petitioner’s Section 8 benefits was mailed to the petitioner by both certified and regular mail on May 17, 2010. The appellants asserted that the applicable statute of limitations was four months (citing CPLR 217), and that the statute of limitations began to run when the petitioner received notice of the Housing Authority’s determination in May 2010. The appellants argued that, since the petitioner commenced this proceeding in February 2012, more than V-fe years after she received notice of the determination to discontinue her Section 8 benefits, the proceeding was untimely under CPLR 217.
The petitioner, by her attorney, opposed the appellants’ motion. The petitioner argued that the Housing Authority failed to prove that its determination was reached in compliance with certain procedures established in a consent judgment (hereinafter the Williams first partial consent judgment) entered into by the Housing Authority in an unrelated case (see Williams v New York City Hous. Auth., US Dist Ct, SD NY, 81 Civ 1801, Ward, J., 1984; Williams v New York City Hous. Auth., 975 F Supp 317 [SD NY 1997]).
The Williams first partial consent judgment was entered into by the Housing Authority on October 4, 1984, during a case in which the federal government challenged the Housing Authority’s methods of administering the Section 8 program on procedural due process grounds (see Williams v New York City Hous. Auth., 975 F Supp 317 [1997]; see also Matter of Fair v Finkel, 284 AD2d 126, 127 [2001]). The Housing Authority agreed that it would follow a three-step procedure before terminating an individual’s Section 8 benefits (see Matter of Fair v Finkel, 284 AD2d at 127-128). Pursuant to the Williams consent judgment, the Housing Authority is required to send (1) a warning letter (hereinafter the warning letter) stating the basis for the termination, (2) a notice of termination letter (hereinafter the T-l letter), and (3) a notice of default letter (hereinafter the T-3 letter) advising the individual that the benefits will be terminated “on the 45th calendar day following the date of mailing of the Notice of Default” (Fair v Finkel, 284 AD2d at 128).
The petitioner argued that the Housing Authority failed to *710 demonstrate that it sent her the warning letter or the T-l letter. The petitioner asserted that since the Housing Authority failed to demonstrate that it had terminated her benefits in accordance with the procedure provided in the Williams consent judgment, the proceeding was timely commenced.
The Supreme Court agreed with the petitioner and denied the appellants’ motion to dismiss the petition. The court determined that the statute of limitations had not begun to run, since the Housing Authority failed to prove that its determination was reached in compliance with the procedure delineated in the Williams first partial consent judgement. Since the Housing Authority failed to prove that the statute of limitations had run, the court concluded that the proceeding was timely commenced.
My colleagues in the majority have voted to affirm the Supreme Court’s order, accepting the Supreme Court’s conclusion that the statute of limitations has not yet begun to run, since the Housing Authority failed to tender proof that it complied with the procedure contained in the Williams first partial consent judgment. I conclude that the appellants established, prima facie, that this proceeding was untimely, since it was commenced more than IV2 years after the final determination that the petitioner seeks to annul and that, in response to this prima facie showing, the petitioner failed to raise a question of fact. Accordingly, I must respectfully dissent.
Under CPLR article 78, an individual may commence a special proceeding against a body or officer so that a court may review “whether a determination was made in violation of lawful procedure” (CPLR 7803 [3]). The CPLR provides that “[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner” (CPLR 217 [1]; see New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165 [1991]).
An administrative determination is final when “the decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury” (Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998] [internal quotation marks omitted]), which is “not amenable to further administrative review and corrective action” (Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 548 [2006]). Furthermore, the statute of limitations “does not begin to ran until the aggrieved party is aware of the determination and the fact that he or she is aggrieved by it” (Matter of New York Tel. Co. v Nassau County, 267 AD2d 629, 632-633 [1999]; see New *711 York State Assn. of Counties v Axelrod, 78 NY2d at 165; Matter of Alterra Healthcare Corp. v Novello, 306 AD2d 787, 788 [2003]; see also Matter of New Surfside Nursing Home, LLC v Daines, 103 AD3d 637, 640 [2013]).
Here, the petitioner seeks review of the Housing Authority’s determination to discontinue her Section 8 benefits. The appellants demonstrated that the T-3 letter, written in both English and Spanish, was mailed to the petitioner by both certified and regular mail on May 17, 2010.
The T-3 letter that was sent to the petitioner stated that the Housing Authority had sent the petitioner notice on March 15, 2010, that her Section 8 benefits would be terminated because she had failed to provide certain identified documentation that was required in connection with the income recertification process. The T-3 letter further stated that the petitioner had not requested a hearing to contest this allegation or otherwise explain her default in providing the necessary documentation. Accordingly, the T-3 letter stated, in capital letters, “THEREFORE, YOUR SECTION 8 SUBSIDY WILL BE TERMINATED FORTY-FIVE (45) DAYS AFTER THE DATE OF THIS LETTER.” The T-3 letter informed the petitioner that she could still request a hearing to contest the discontinuation of her benefits within 45 days. The T-3 letter further stated that if the petitioner wished to challenge this determination in “court,” she “must do so within four (4) months of the date of this notice.”
The appellants’ submissions established that the T-3 letter constituted final notice of the Housing Authority’s determination to discontinue the petitioner’s Section 8 benefits and that it was duly mailed to the petitioner on May 17, 2010. As the appellants correctly contend, their submissions created a rebuttable presumption that the petitioner received the T-3 letter by May 22, 2010 (see CPLR 2103 [b] [2]; Matter of Rodriguez v Wing, 251 AD2d 335, 336 [1998]; see also Nassau Ins. Co. v Murray, 46 NY2d 828, 829 [1978]). Since the appellants demonstrated that this proceeding was commenced more than four months after the statute of limitations had begun to run, they demonstrated that the proceeding should be dismissed as untimely (see Matter of Parks v New York City Hous. Auth., 100 AD3d 407 [2012]; Matter of Lopez v New York City Hous. Auth., 93 AD3d 448 [2012]; Matter of Fernández v NYCHA Law Dept., 284 AD2d 202 [2001]).
In opposition to the appellants’ motion, the petitioner failed to raise a question of fact as to whether the proceeding was time-barred. The petitioner does not contest that the final no *712 tice constituted the Housing Authority’s final determination of the matter. Indeed, the petition itself alleged that the petitioner’s Section 8 benefits were discontinued as of July 2010.
Rather, the petitioner asserts that she did not receive adequate notice of the final determination. In this regard, the petitioner’s bare assertion that she did not receive the final notice is insufficient to rebut the presumption of delivery established by the evidence submitted by the appellants (see Nassau Ins. Co. v Murray, 46 NY2d at 829; Matter of Hudson House, LLC v New York State Div. of Hous. & Community Renewal, 89 AD3d 1084, 1084 [2011]; Matter of Rodriguez v Wing, 251 AD2d at 336; Matter of Oregon Realty v Halperin, 230 AD2d 860, 860 [1996]; Matter of T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d 776, 779 [1992]).
In any event, the record conclusively demonstrates that the petitioner had actual notice of the Housing Authority’s final determination. The petitioner acknowledged that her Section 8 benefits had been terminated in a letter that she sent to the Housing Authority requesting that it, in effect, reconsider its determination. In a written response to her letter dated July 9, 2010, the Housing Authority reiterated that its determination to discontinue her Section 8 benefits was final and that it would not reopen the case. The petitioner, who acknowledged receiving this letter, unquestionably was on notice that the Housing Authority had discontinued her rent subsidies and that this determination was final when she received the letter from the Housing Authority.
Accordingly, even if the petitioner had adequately rebutted the presumption of receipt of the T-3 letter established by the Housing Authority’s proof of mailing, the petitioner nonetheless failed to raise a question of fact as to whether the proceeding was untimely, since the statute of limitations would still have begun to run when the petitioner concededly had notice of the Housing Authority’s final determination in July 2010, and the proceeding was not brought within four months after this later date (see Matter of ISCA Enters. v City of New York, 77 NY2d 688, 698 [1991]; Cloverleaf Realty of N.Y., Inc. v Town of Wawayanda, 43 AD3d 419, 421 [2007]; McComb v Town of Greenville, 163 AD2d 369 [1990]; see also Long Is. Power Auth. Ratepayer Litig., 47 AD3d 899 [2008]).
The petitioner nevertheless contends that the statute of limitations was indefinitely “tolled” because the Housing Authority failed to demonstrate that it complied with the three-step procedure provided in the Williams first partial consent judgment (see Williams v New York City Hous. Auth., US Dist Ct, SD NY, 81 Civ 1801, Ward, J., 1984). This contention is without merit.
*713 The terms of the Williams first partial consent judgment do not purport to alter the statutorily-prescribed limitations period enacted by the Legislature (see CPLR 217 [1]). To the contrary, the Williams first partial consent judgment incorporates “Section 217 . . .of the Civil Practice Law and Rules,” thereby recognizing the applicability of the correct statutory provision, which establishes the applicable limitations period. As previously indicated, the four-month limitations period is also explicitly referenced in the T-3 letter itself.
Nor does the Williams first partial consent judgment purport to alter the applicable case law which defines when an agency determination becomes “final and binding” for the purposes of CPLR 217 (1). To the contrary, the Williams first partial consent judgment, in accordance with the applicable case law discussed above, provides that “the determination to terminate a subsidy shall, in all cases, become final and binding upon receipt of . . . the Notice of Default [i.e., the T-3 letter].” Accordingly, the express language of the consent judgment itself provides that the Housing Authority’s determination to terminate Section 8 benefits becomes final and binding upon receipt of the T-3 letter which, in this case, was received by the petitioner and expressly informed her of the Housing Authority’s final determination to terminate her benefits.
Notwithstanding the language contained in the Williams first partial consent judgment, the petitioner contends that the Housing Authority’s determination never became final and binding upon her because the Housing Authority did not demonstrate that it sent her the warning letter and the T-l letter. The petitioner argues that absent evidence of such compliance, the Housing Authority failed to prove that the statute of limitations had run. This contention is without merit. An agency is not required to demonstrate that everything that led up to a determination was in strict accordance with the required procedure in order to establish that the determination was final and binding and that the statute of limitations started running (see generally Matter of Lehrer v Cavallo, 43 AD3d 1059 [2007]; P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61 [2006]; see also Kahn v New York City Dept. of Educ., 79 AD3d 521 [2010]). The assertion that an agency reached its determination without following prescribed procedure provides a substantive basis for challenging that determination on the ground that it was made “in violation of lawful procedure” (CPLR 7803 [3]). The fact that an agency may or may not have followed proper procedure in reaching its determination relates to the merits of the underlying petition. It does not affect the finality of the *714 agency’s determination for statute of limitations purposes. To hold otherwise would effectively eliminate the statute of limitations for every determination that was made in violation of lawful procedure and would require courts to determine the merits of such petitions before they could determine when, if ever, the statute of limitations began to run (cf. Zumpano v Quinn, 6 NY3d 666, 671 [2006] [dismissing actions as time-barred while noting that “(t)he merits of these claims are not before us and we have no occasion to pass upon the strength of the allegations’’]).
My conclusion that the Housing Authority may establish that a proceeding is untimely by demonstrating when the petitioner received the T-3 letter, without the necessity of demonstrating that it strictly complied with each of the procedural requirements embodied in the Williams first partial consent judgment, is consistent with case law from the Appellate Division, First Department (see Matter of Parks v New York City Hous. Auth., 100 AD3d at 407; Matter of Lopez v New York City Hous. Auth., 93 AD3d at 448; Matter of Fernández v NYCHA Law Dept., 284 AD2d at 202). This conclusion does not serve to abrogate the notice requirements contained in the Williams first partial consent judgment, since the failure to follow the prescribed procedure will provide a substantive basis for overturning the determination as violative of lawful procedure (see CPLR 7803 [3]). Accordingly, as the First Department has also concluded, if the Housing Authority fails to demonstrate that it complied with the three-step process in the Williams first partial consent judgment when the merits of the petition are considered, “its termination of [a] petitioner’s Section 8 subsidy [will be held to be] in violation of lawful procedure” and annulled (Matter of Fair v Finkel, 284 AD2d at 129).
The enactment of statutes of limitations embodies “an important policy of giving repose to human affairs” (Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429 [1969]). “Although sometimes imposing hardship on a plaintiff with a meritorious claim, statutes of limitations ‘reflect the legislative judgment that individuals should be protected from stale claims’ ” (Zumpano v Quinn, 6 NY3d at 673, quoting McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]).
Here, the Housing Authority’s determination, whether rightly or wrongly reached, became final and binding upon the petitioner after she received notice that her Section 8 benefits were discontinued. Her failure to commence this proceeding within the applicable limitations period barred the Supreme Court from considering the merits of her claims.