In the Matter of LAURA HORNE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [980 NYS2d 19]—

Since "[t]he issue of substantial evidence, although not specifically stated, was clearly raised in the instant petition" (*Matter of Verdell v Lincoln Amsterdam House, Inc.*, 27 AD3d 388, 390 [1st Dept 2006]), we will "treat the substantial evidence issues de novo and decide all issues" (*Matter of Jimenez v Popolizio*, 180 AD2d 590, 591 [1st Dept 1992]).

The finding by respondent that petitioner violated the stipulation requiring her to permanently exclude her grandson from the subject apartment is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). An investigator for NYCHA found the grandson, scantily clad, hiding in a closet in the apartment, and petitioner admitted that she had permitted him to enter the apartment to visit her.

The penalty of lease termination does not shock our sense of fairness, notwithstanding petitioner's advanced age and numerous health problems. The record shows that petitioner allowed her grandson into the apartment after he had been excluded on

the basis of drug-related activity at a time that he was residing in petitioner's apartment without authorization (*see Matter of Cruz v New York City Hous. Auth.*, 106 AD3d 631 [1st Dept 2013]). The Hearing Officer reasonably found that since petitioner had received a total of five probationary periods, and NYCHA had previously declined to terminate the tenancy when petitioner violated a permanent exclusion order pertaining to a different person, further probation would be an ineffective sanction (*see Matter of Wooten v Finkle*, 285 AD2d 407, 409 [1st Dept 2001]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.