■ In the Matter of RACHEL HERNANDEZ, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [24 NYS3d 66]—

Determination of respondent, dated June 16, 2004, which, after a hearing, terminated petitioner's tenancy on the ground that she violated a permanent exclusion stipulation, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shlomo Hagler, J.], entered January 13, 2015), dismissed, without costs.

There was no requirement to transfer this proceeding pursuant to CPLR 7804 (g) since petitioner concedes that she violated the permanent exclusion stipulation. Petitioner argues that the penalty of termination of tenancy is contrary to law.

The permanent exclusion stipulation, which petitioner entered into in August 2009, provided that, in exchange for the preservation of her tenancy after the excluded person allegedly engaged in criminal activity in the apartment, petitioner would not permit that person to reside in or visit her at the apartment in which she was then residing or at any other Housing Authority premises in which she might later reside. On March 27, 2013, the excluded person was found inside petitioner's apartment.

Petitioner contends that respondent, while charging her with this "single incident of violation," terminated her tenancy based on an unproven continuing course of conduct of which it had not provided her with prior notice. This contention is belied by the record, which demonstrates that the termination was based solely on the March 27, 2013 incident. Thus, the issue is whether termination of tenancy is a penalty so disproportionate to the offense of a single violation of the stipulation as to shock one's sense of fairness (*see Matter of Wooten v Finkle*, 285 AD2d 407 [1st Dept 2001]; *see also Matter of Romano v New York City Hous. Auth.*, 121 AD3d 503 [1st Dept 2014]). Under the circumstances, the penalty does not shock our sense of fairness.

Petitioner's remaining contentions, that respondent improperly raised before the hearing officer the issue whether the excluded person was a danger to others, and that, on appeal, respondent improperly relies upon a statement by the excluded person that was not included in the administrative record, are unavailing. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.